434

Philomena MARTINELLI, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of
Health, Education and Welfare,
Defendant.

Civ. A. No. 63-674.

United States District Court
D. Massachusetts.

March 25, 1964.

Edwin J. J. Dwyer, Boston, Mass.,
for plaintiff.

Thomas J. O'Connor, Murray H. Falk,
Asst. U. S. Attys., Boston, Mass., for
defendant.

SWEENEY, Chief Judge.

This action is brought pursuant to 42 U.S.C. § 405(g) to review a final decision of the defendant denying the plaintiff's claim for disability insurance benefits under the Social Security Act. The defendant has moved for summary judgment; and the only question presented is whether substantial evidence supports the determination that the plaintiff was not under a disability within the meaning of Sections 216(i) and 223(a) of the Act, 42 U.S.C. §§ 416(i) and 423(a).

The plaintiff is a woman in her late forties. She left school after the ninth grade and, after spending six years at home, went to work at the Dodgeville Finishing Co., Inc. in Attleboro, Massachusetts, where she operated a sewing machine until Thanksgiving 1960. In April 1960 she began to experience pain in both feet, which eventually spread to the knees, hands and arms. The day after Thanksgiving, she was hospitalized and her condition was diagnosed as rheumatoid arthritis. She has not worked since then.

The plaintiff testified at the hearing before the hearing examiner that she continues to have pain in both feet, knees, hands, arms and along the spine, that she has no strength in her fingers, that various joints are at times swollen and red, that she can walk for only five to ten minutes at a time, that she is unable to sit or stand for any extended period of time but is able to do some light housework, and that she has difficulty sleeping because of the pain.

The medical evidence consisted of the hospital record and reports of Earl R. White, M.D.; John M. Bleyer, M.D.; and Aurelian Guay, a chiropractor. All agreed on the diagnosis although there was some disparity as to the severity of plaintiff's condition and the prognosis.

The hospital record indicated that the plaintiff had some limitation of motion of the neck, "spindle-loid deformity of all fingers with some terminal Heberden's nodes formation" and some swelling of various joints. The staff agreed that

she should be able to obtain more relief than she was having and that there was no evidence to indicate a fulminating course.

Dr. Earl R. White, who has treated the plaintiff since June 1961, found involvement of most joints, limited motion and some deformities, but some improvement after medication.

Dr. John M. Bleyer who examined the plaintiff at the request of the Massachusetts Rehabilitation Commission found "minimal arthritic changes involving the soft tissues." He concluded that "with more extensive medical care (salicylates, muscle relaxants, physiotherapy) the prognosis should be fairly good."

Aurelian Guay had been giving the plaintiff chiropractic adjustments twice weekly since January 13, 1961. He reported that she had painful muscular spasms and that physiotherapy would undoubtedly benefit her.

The hearing examiner determined that the plaintiff was not disabled, that is, unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or be of long-continued and indefinite duration * * *." 42 U.S.C. §§ 416(i) (1) and 423(c) (2). His findings, if supported by substantial evidence, are conclusive, 42 U.S.C. § 405 (g). It is the plaintiff's position that the question whether a claimant is disabled within the meaning of the Act must be determined by a subjective test rather than an objective one, and that the hearing examiner's decision, by failing to consider the subjective factors, is not supported by substantial evidence.

Subjective elements must be taken into consideration, Page v. Celebrezze, 311 F.2d 757 (5th Cir. 1963); Aaron v. Fleming, 168 F.Supp. 291 (D.C. Ala.1958); Jacobson v. Folsom, 158 F. Supp. 281 (S.D.N.Y.1957); and the hearing examiner clearly did, in this case, consider the subjective evidence. He concluded that "although claimant may

have periods of exacerbation during which she may be incapacitated the evidence does not establish that her over-all ability has been so severely affected as to prevent her continuously in the foreseeable future from doing some kind of substantial gainful activity." In view of the plaintiff's testimony that she can walk for short distances without the use of a cane, can raise her arms, at least shoulder high, and can and does do some light housework, I cannot say that the hearing examiner's conclusion is unsupported by substantial evidence.

Accordingly, the defendant's motion for summary judgment is allowed.