**Sam N. BRYANT, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 4199.**

United States District Court
W. D. South Carolina,
Greenville Division.

July 13, 1964.

of Hearing and Appeals, denied a request for review, and this became the equivalent of a "final decision" by the Secretary, which allows plaintiff the right to seek relief from this Court. Livingstone v. Folsom, 3 Cir., 234 F.2d 75, 77 note 3.

Section 205(g) of the Act, 42 U.S.C. § 405(g), provides, *inter alia*, that "[a]s part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based," and that "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." It also provides that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

The plaintiff, Sam N. Bryant, made application for a determination of a period of disability insurance benefits under the Social Security Act. When the application was denied, the plaintiff made timely request for a hearing before a hearing examiner. A hearing was held on January 23, 1962, and the decision rendered thereon on May 17, 1962 denied plaintiff's claim. After denial of request for review by the Appeals Council, plaintiff is now properly before this Court.

The question before this Court is: is the finding of the Secretary supported by substantial evidence? As the Fourth Circuit Court of Appeals recently made quite clear in Thomas v. Celebrezze:

"Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance. * * * The Secretary, and not the courts, is charged with resolving conflicts in the evidence, and it is immaterial that the evidence before him will permit a conclusion inconsistent with his. * * * If his findings are supported by substantial evidence, the

Thomas A. Babb, Laurens, S. C., for plaintiff.

John C. Williams, U. S. Atty. for Western Dist. of South Carolina, and Robert O. Dupre, Asst. U. S. Atty., for defendant.

HEMPHILL, District Judge.

This action is an appeal from a decision of the Secretary of Health, Education and Welfare that the plaintiff was not "disabled" within the meaning of the Social Security Acts since September 30, 1960. The Court has authority to review a final decision of the Secretary in accordance with Section 205 of the Social Security Act, 42 U.S.C. § 405(g). In this case, the Appeals Council, Bureau

courts are bound to accept them. * * * In short, the courts are not to try the case de novo. At the same time, they must not abdicate their traditional functions; they cannot escape their duty to scrutinize 'the record as a whole' to determine whether the conclusions reached are rational. * * * If they are, they must be upheld; but if, for example, reliance has been placed upon one portion of the record to the disregard of overwhelming evidence to the contrary, the courts are equally bound to decide against the Secretary. * * * In such a circumstance the courts are empowered either to modify or reverse the Secretary's decision * *. (Citations omitted.)" 331 F.2d 541, 543.

The issue before this Court is whether or not there is substantial evidence to support the Secretary's findings. Ibid.

The record reflects that the plaintiff was born in 1914 and attended six grades of elementary school. He went to work in a textile mill in 1931 and remained so employed until September 1955. He performed several types of jobs in the textile industry, most of which required considerable manual effort and dexterity, e. g., jig operator, cloth hauler, dry can operator, water mangle operator, and starch mangle operator. Plaintiff stated that he first noticed his heart condition while in the hospital in December 1955 while he was recuperating from an appendectomy. Plaintiff consulted Doctor Paul B. Pritchard, Jr. about pains in his chest shortly after leaving the hospital. Plaintiff was treated and advised to consult an internist. Instead plaintiff consulted Doctor W. T. Bidwell, a naturopath, and received regular treatment and medicines for approximately three years. Doctor Bidwell was of the opinion that plaintiff had a "heart condition" (angina pectoris), and indicated

that an extra physical exertion or emotional strain caused a grabbing sensation in the left chest with pain radiating down the left arm. Doctor Bidwell also observed that the claimant experienced dypsnea (difficult or labored respiration) on moderate exertion, and that when he ceased all effort the pain stopped.

Doctor Pritchard, in response to specific inquiry by the S. C. Vocational Rehabilitation Department, stated that electrocardiograms (EKG's), X-Rays, and other diagnostic aids revealed substantial normalcy, but he indicated that despite this, plaintiff, upon moderate exertion, experienced both dyspnea and angina.[1]

Doctor William F. Lummus, an internist, also in response to the same type inquiry, stated that his laboratory tests revealed no organic heart trouble or the like, but he did indicate too that there were no EKG changes after an exercise tolerance test was administered, but that plaintiff "developed pain in his anterior chest on one minute and fifteen seconds of walking at standard time." He also noted moderate dyspnea.

On January 17, 1961, plaintiff was admitted to Self Memorial Hospital by Doctor Pritchard who called in Doctor Wiley N. Price, Jr. as a consultant. Doctor Price's report reflects that the EKG's and some of the other tests all seemed to cast the plaintiff within "normal limits," but he did note that "the patient's condition * * * would not allow a double Masters to be done since he had begun to have some chest pain and rather marked dyspnea at completion of the single Master's test." Doctor Price prescribed certain dosages of Peritrate, some other drugs, and nitroglycerin "for this pain in the chest." He concluded in his diagnosis "possible coronary arteriosclerosis."

Also upon the request of the S. C. Vocational Rehabilitation Department, Doctor Richard M. Christian examined

[1.] The Hearing Examiner, in the record, cities eminent authority with respect to electrocardiograms in the diagnosis of angina pectoris: "The patient who suffers from angina pectoris may show a normal electrocardiogram. * * *" Goldberger, Heart Disease, Columbia Univ., 1951, p. 246

the plaintiff and concluded that the symptoms were typical of angina. Doctor Christian stated further that it was difficult for him to feel that the plaintiff "does not have some heart disease since his pain at times is so typical and there are some electrocardiographic changes."

The plaintiff was later referred to Doctor L. C. Bailes who concluded, *inter alia*, that there was evidence of "arteriosclerotic cardiovascular disease with angina Class II. * * *"

Again on October 21, 1961, Doctor Pritchard certified that plaintiff is "being treated by me and has been treated by other physicians because of severe angina. This is aggravated by tension and even mild exertion." Doctor Pritchard advised against the plaintiff serving as a member of a jury because he felt it "would aggravate his condition and it might become necessary that he be removed in the middle of a trial should he have one of his attacks."

The record reveals substantial testimony from several nonmedical witnesses that plaintiff could not and did not do any heavy or hard labor during the entire time in question. Indeed, plaintiff sat around and did little because he feared the onset of the pain which any substantial exertion produced. It should also be noted that not one lay or medical witness even hinted that the plaintiff was malingering.

 The evidence reveals clearly that the plaintiff has limited education and that the only type of work he "knows" is in the textile industry. The Court will take judicial notice that the type work for which plaintiff was qualified requires considerable exertion and dexterity. All evidence points in only one direction, and that is to a finding that the plaintiff should be found "disabled." "Disability" is defined as "(i)nability to engage in any substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to continue for a long and indefinite period of time, or to re-sult in death." 20 C.F.R. § 404.1501; and see Kelly v. Celebrezze, D.C., 220 F.Supp. 611, 614.

 This Court finds that the decision of the Secretary is not supported by substantial evidence. The expert opinions of physicians is not binding on the examiner, Kelly v. Celebrezze, id., 220 F.Supp. at 615, but when *every* doctor says that there is evidence of heart disease [2] and the other evidence shows that the plaintiff is unable to exert himself without severe pain, and taking into account the nature of the plaintiff's previous employment, what other conclusion is possible but that the plaintiff is "disabled" within the meaning of the Act? "Congress has in effect stated that if a person is unable except under great pain to engage in any substantial gainful activity in which he might be employable, taking into consideration his age, training, work experience and physical and mental capacities, he shall be deemed to be disabled for the purposes of this Act." Butler v. Flemming, 5 Cir., 288 F.2d 591, 595; Kelly v. Celebrezze, ibid.

In construing "disability," the Court must be ever mindful that the term relates to the individual claimant. The important consideration is the effect of the impairment on the individual, not the objective standard man of ordinary and customary intelligence and abilities, but with such abilities and inabilities as the individual possesses. Woolridge v. Celebrezze, D.C., 214 F.Supp. 686; Kelly v. Celebrezze, id.

The evidence from the entire record, read as a whole, can only lead to one conclusion: the earning capacity and capability of the plaintiff to engage in substantial gainful activity is negligible, if not non-existent. If a man cannot exert himself without experiencing severe pain and great difficulty with breathing, how can he be expected to work?

 It is not necessary that the plaintiff be bedridden to come within the

---

2. Counsel for defendant said at the hearing: "All the doctors agree he has some heart trouble."

purview of the Act, neither is he required to sell apples. "Where the statute refers to 'any substantial gainful activity' the word 'any' must be read in light of what is reasonable and not of what is merely conceivable." Thomas v. Celebrezze, supra, 331 F.2d 541, 546.

Accordingly, the Court finds that the final decision of the Secretary is not supported by substantial evidence and is clearly erroneous. It must, therefore, be reversed.

It is, therefore, Ordered, that the decision of the Secretary be and the same is hereby reversed, with direction that judgment be entered for the plaintiff.

It is so ordered.