Leroy **BROOKSHIRE**, Plaintiff,

v.

Anthony J. **CELEBREZZE**, Secretary, Department of Health, Education and Welfare, Social Security Administration, United States of America, Defendant.

Civ. A. No. 4206.

United States District Court
W. D. South Carolina,
Greenville Division.

Heard June 9, 1964.

Decided Sept. 9, 1964.

Theodore M. Burns, Jr., Greenville, S. C., for plaintiff.

Robert O. DuPre, Asst. U. S. Atty., Greenville, S. C., for defendant.

HEMPHILL, District Judge.

This is an action brought under Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education, and Welfare.

Section 205(g) of the Act, 42 U.S.C. § 405(g), provides, *inter alia*, that "[a]s part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based," and that "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." It also provides that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

■ The plaintiff, Leroy Brookshire, made application for a determination of a period of disability insurance benefits under the Act on November 15, 1960. When the application was denied, plaintiff made timely request for a hearing before a hearing examiner, which was held on October 4, 1961. The decision rendered on February 19, 1962 denied plaintiff's claim. The Appeals Council reversed the hearing examiner's decision in part,[1] but affirmed the portion of the opinion which held that plaintiff was not "disabled" within the meaning of the Act. The Appeals Council's decision thus became the equivalent of a "final decision" by the Secretary, which allows plaintiff the right to seek relief from this Court. Bryant v. Celebrezze, 231 F.Supp. 524 (W.D.S.C.1964).

■■ The only basis the Court would have to reverse the Secretary's determination is that it is not supported by "substantial evidence." As the Fourth Circuit Court of Appeals recently made quite clear:

"Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance. * * * The Secretary, and not the courts, is charged with resolving conflicts in the evidence, and it is immaterial that the evidence before him will permit a conclusion inconsistent with his. * * * If his findings are supported by substantial evidence, the courts are bound to accept them. * * * In short, the courts are not to try the case de novo." Thomas v. Celebrezze, 331 F.2d 541, 543.

The record in this case presents an individual who alleges to have become unable to work in August 1960 (at age 40) due to "Injury to stomach—Asthma." The plaintiff has no formal education, and his employment history shows that he worked as a general laborer. The hearing examiner described him as a tall, heavy man appearing to be about six feet two inches in height and weigh-

---

1. The revision was not material to the question of "disability" as such.

ing about 220–230 pounds. He came to the hearing wearing overalls, and gave the general appearance of a person accustomed to laboring work.

The earnings record shows low and irregular earnings. The plaintiff's total earnings during his 21 years of employment, from 1941 to 1961, were only $5,945.45, a yearly average of less than $300. These meager earnings show rather dramatically that the plaintiff was not a family breadwinner, and substantial gainful activity is clearly not indicated. He was first married in 1947 and separated about two years later, and he married his present wife in 1952; there are three children from the second marriage, aged 6, 8 and 9. The plaintiff's earnings did not increase significantly after the children were born; indeed, he had annual earnings of less than $300 in six of the last nine years he worked. He is receiving welfare benefits of $63 monthly on behalf of the children. The welfare payments far exceed the plaintiff's average monthly earnings.

The medical evidence consists of copies of "Physician's Certificates" of the Greenville County Department of Public Welfare, reports by the plaintiff's family physician, Dr. John W. League, and a report of a special consultative examination by Dr. Everett B. Poole.

The Department of Public Welfare Physicians' Certificates (five) show essentially no objective medical information, except for blood pressure readings and heart status (enlargement, etc.); blood pressure readings ranged from 130/75 in November 1954, to 200/130 in October 1957, and 120/80 in January 1961. Heart status on the reports showed "Enlargement" in September 1957, "Normal" in October 1960, and "Negative" in January 1961. These certificates were issued ostensibly to show the extent of plaintiff's "disability" for local welfare purposes, only, and the latest report, dated January 23, 1961, showed "total" disability; diagnoses were bronchial asthma and bilateral inguinal hernias.

Reports by the plaintiff's family physician, Dr. John W. League showed symptoms of dyspnea (difficult or labored breathing), wheezing, orthopnea (inability to breathe satisfactorily or comfortably except when in an upright position), weakness, and pains in the lower abdomen. He stated that the plaintiff's vital capacity was reduced 50 percent. Diagnoses were bilateral inguinal hernias, bronchial asthma, mild emphysema and obesity (6 feet, 2 inches, 225 pounds).

A special consultative examination was arranged at Government expense, and Dr. Everett B. Poole, a Diplomate of the American Board of Internal Medicine, submitted his report on February 22, 1961. On the basis of a comprehensive physical examination, including X-rays, electrocardiogram, pulmonary function tests, and special hernial exploration, Dr. Poole stated that heart disease was not present, bronchial asthma or other pulmonary disease not present, and inguinal hernia was not found present. The plaintiff weighed 221 pounds and was 75 inches in height. Dr. Poole concluded his report as follows:

"Except for his weight, no physical disease is found in this man. He has had no formal education, seems to have no capacity for work beyond common labor, is devoid of motivation to be self supporting, is critical of public assistance agencies, but shows no real psychiatric disorder."

In summary, then, the record depicts a comparatively young uneducated laborer who has a multiplicity of symptoms and complaints, with particular reference to a rupture, which allegedly has precluded substantial gainful activity since August 1960 (at age 40). A careful study of the record, however, shows: (1) that the plaintiff did not engage in substantial gainful activity even prior to his alleged injury (e. g., his average monthly earnings for the 3-year period prior to 1960 were less than $20); and (2) the objective medical evidence does

not show a severe physical impairment; in fact, the objective findings show no impairment, except mild obesity.

■■ There is conflict in the medical evidence as to the existence and extent of the alleged impairments, and resolution of this conflict was for the hearing examiner, as trier of the facts on behalf of the Secretary, based on all of the evidence. The conclusion of the hearing examiner (affirmed by the Appeals Council) that the plaintiff is not prevented from engaging in gainful employment, is supported by substantial evidence.

■ The hearing examiner was justified in adopting the findings of Dr. Poole, as these findings were clearly based on appropriate objective medical data.[2] The reports of the other physicians contain essentially no objective evidence, and their opinions are clearly premised on the plaintiff's symptoms and complaints (e. g., the "Physician's Certificate" submitted by Dr. League on January 23, 1961, showing "total" disability, is supported by no medical findings.) Plaintiff's counsel suggests that "due to the conflict in the evidence by the doctors as outlined above, that even giving considerable weight to the report of Dr. Poole, the evidence would be at best equally divided." [3]

There is also for consideration the plaintiff's employment history. With lifelong earnings (21 years) of less than $6000, this man can hardly be considered a family breadwinner, and it is not justifiable with his earnings record to determine that substantial gainful activity was prevented at a certain date, as it is not indicated that substantial gainful activity was in fact ever attained. Although he alleges to have become unable to work in August 1960, due primarily to a ruptured hernia, his earnings during 1957, 1958, and 1959 averaged less than $20 a month. The plaintiff has three children, and it is quite apparent that supplemental income has been forthcoming for some time. He stated in April 1961 that he was receiving monthly payments of $63 from the Department of Public Welfare on behalf of the children; and, presumably he has been receiving welfare benefits for several years, as the Welfare Department medical reports of record (Physician's Certificates) date back to November 1954. In the circumstances, welfare or other benefits must necessarily have exceeded the plaintiff's earnings for several years. This situation may be attributed, at least to some extent, to unavailability of local employment; however, the persistent low earnings over the years certainly suggest some lack of motivation. In any event, it is shown by objective medical information that the low earnings are not due to the plaintiff's physical impairments.

On the basis of the record as a whole, medical and nonmedical, it is clear that the hearing examiner was justified in finding that the plaintiff is not prevented from engaging in substantial gainful activity within the meaning of the Act.

Accordingly, the Court finds that the final decision of the Secretary is supported by substantial evidence.

2. See Social Security Administration Regulations No. 4, Section 404.1526, 20 CFR 404.1526:

"The function of deciding whether or not an individual is under a disability is the responsibility of the Secretary. A statement by a physician that an individual is, or is not, 'disabled,' 'permanently disabled,' 'totally disabled,' 'totally and permanently disabled,' 'unable to work,' or a statement of similar import, being a conclusion upon the ultimate issue to be decided by the Secretary, shall not be determinative of the question of whether or not an individual is under a disability. The weight to be given such physician's statement depends on the extent to which it is supported by specific and complete clinical findings and is consistent with other evidence as to the severity and probable duration of the individual's impairment or impairments."

3. Plaintiff's counsel should note Thomas v. Celebrezze, which is quoted above.

It is, therefore, Ordered, that the decision of the Secretary be and the same is hereby affirmed, with direction that judgment be entered for the defendant.

And it is so ordered.