Edgar P. JOHNSON, Plaintiff,

v.

John W. GARDNER, Secretary of Health, Education, and Welfare of the United States of America, Defendant.

Civ. No. 67–1529.

United States District Court
C. D. California.

April 24, 1968.

Joe C. Ortega and Shibley, Bevill & Ortega, Norwalk, Cal., for plaintiff.

Wm. Matthew Byrne, Jr., U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief of Civil Division, and William P. Lamb, Asst. U. S. Atty., for defendant.

## DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW, and ORDER GRANTING SUMMARY JUDGMENT

HAUK, District Judge.

This action was brought under section 205(g) of the Social Security Act, hereinafter called the Act, 42 U.S. C.A. § 405(g),[1] to review a final decision of the Secretary of Health, Education, and Welfare disallowing plaintiff's ap-

---

1. 42 U.S.C.A. § 405(g):

"§ 405. *Old-age and survivors insurance benefit payments—Old-age insurance benefits*

\*     \*     \*     \*     \*

Review

(g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision, or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia. As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by hte Secretary or a decision is rendered under subsection (b) of this section which is adverse to an individual who was a party to the hearing before the Secretary, because of failure of the claimant or such individual to submit proof in conformity with any regulation prescribed under subsection (a) of this section, the court shall review only the question of conformity with such regulations and the validity of such regulations. The court shall, on motion of the Secretary made before he files his answer, remand the case to the Secretary for further action by the Secretary, and may, at any time, on good cause shown, order additional evidence to be taken before the Secretary, and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or its decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based. Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision. The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions. Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Secretary or any vacancy in such office."

plication for the establishment of a period of disability and for disability insurance benefits under sections 216(i) and 223 of the Act, 42 U.S.C.A. §§ 416(i) [2]

2. 42 U.S.C.A. § 416(i):

"§ 416. *Additional definitions*

"For the purposes of this subchapter—

\* \* \* \* \*

Disability; period of disability

(i) (1) Except for purposes of sections 402(d), 423 and 425 of this title, the term "disability" means (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months, or (B) blindness; and the term "blindness" means central visual acuity of 5/200 or less in the better eye with the use of a correcting lens. An eye in which the visual field is reduced to five degrees or less concentric contraction shall be considered for the purpose of this paragraph as having a central visual acuity of 5/200 or less. An individual shall not be considered to be under a disability unless he furnishes such proof of the existence thereof as may be required. Nothing in this subchapter shall be construed as authorizing the Secretary or any other officer or employee of the United States to interfere in any way with the practice of medicine or with relationships between practitioners of medicine and their patients, or to exercise any supervision or control over the administration or operation of any hospital.

(2) (A) The term "period of disability" means a continuous period (beginning and ending as hereinafter provided in this subsection) during which an individual was under a disability (as defined in paragraph (1)), but only if such period is of not less than 6 full calendar months' duration or such individual was entitled to benefits under section 423 of this title for one or more months in such period.

(B) No period of disability shall begin as to any individual unless such individual files an application for a disability determination with respect to such period; and no such period shall begin as to any individual after such individual attains the age of 65.

(C) A period of disability shall begin—

(i) on the day the disability began, but only if the individual satisfies the requirements of paragraph (3) on such day; or

(ii) if such individual does not satisfy the requirements of paragraph (3) on such day, then on the first day of the first quarter thereafter in which he satisfies such requirements.

(D) A period of disability shall end with the close of whichever of the following months is the earlier: (i) the month preceding the month in which the individual attains age 65, or (ii) the second month following the month in which the disability ceases.

(E) No application for a disability determination which is filed more than 12 months after the month prescribed by subparagraph (D) as the month in which the period of disability ends (determined without regard to subparagraph (B) and this subparagraph) shall be accepted as an application for purposes of this paragraph.

(F) An application for a disability determination filed before the first day on which the applicant satisfies the requirements for a period of disability under this subsection shall be deemed a valid application only if the applicant satisfies the requirements for a period of disability before the Secretary makes a final decision on the application. If upon final decision by the Secretary, or decision upon judicial review thereof, such applicant is found to satisfy such requirements, the application shall be deemed to have been filed on such first day.

(3) The requirements referred to in clauses (i) and (ii) of paragraph (2) (C) of this subsection are satisfied by an individual with respect to any quarter only if—

\* \* \* \* \*

(B) (i) he had not less than twenty quarters of coverage during the forty-quarter period which ends with such quarter, or

(ii) if such quarter ends before he attains (or would attain) age 31 and he is under a disability by reason of blindness (as defined in paragraph (1) of this subsection), not less than one-half (and not less than 6) of the quarters during the period ending with such quarter and beginning after he attained the age of 21 were quarters of coverage, or (if the number of quarters in such period is less than 12) not less than 6 of the quarters in the 12-quarter period ending with such quarter were quarters of coverage;

except that the provisions of subparagraph (A) of this paragraph shall not

and 423.[3] After filing its Answer to the Complaint, the defendant now moves for summary judgment, an appropriate way of bringing the matter on for decision.[4]

apply in the case of an individual with respect to whom a period of disability would, but for such subparagraph, begin before 1951. For purposes of subparagraph (B) of this paragraph, when the number of quarters in any period is an odd number, such number shall be reduced by one, and a quarter shall not be counted as part of any period if any part of such quarter was included in a prior period of disability unless such quarter was a quarter of coverage."

3. 42 U.S.C.A. § 423:

"§ 423. Disability insurance benefit payments—Disability insurance benefits

(a) (1) Every individual who—

\* \* \* \* \*

(D) is under a disability (as defined in subsection (c) (2) of this section) shall be entitled to a disability insurance benefit (i) for each month beginning with the first month after his waiting period (as defined in subsection (c) (3) of this section) in which he becomes so entitled to such insurance benefits, or (ii) for each month beginning with the first month during all of which he is under a disability and in which he becomes so entitled to such insurance benefits, but only if he was entitled to disability insurance benefits which terminated, or had a period of disability (as defined in section 416(i) of this title) which ceased, within the 60-month period preceding the first month in wh'ch he is under such disability, and ending with the month preceding whichever of the following months is the earliest: the month in which he dies, the month in which he attains age 65, or the third month following the month in which his disability ceases. No payment under this paragraph may be made to an individual who would not meet the definition of disability in subsection (c) (2) except for subparagraph (B) thereof for any month in which he engages in substantial gainful activity, and no payment may be made for such month under subsection (b), (c), or (d) of section 402 of this title to any person on the basis of the wages and self-employment income of such individual.

(2) Except as provided in section 402(q) of this title, such individual's disability insurance benefit for any month shall be equal to his primary insurance amount for such month determined under section 415 of this title

as though he had attained age 62 (if a woman) or age 65 (if a man) in—

\* \* \* \* \*

and as though he had become entitled to old-age insurance benefits in the month in which he filed his application for disability insurance benefits and was entitled to an old-age insurance benefit for each month for which (pursuant to subsection (b) of this section) he was entitled to a disability insurance benefit. For the purposes of the preceding sentence, in the case of a woman who attained age 62 in or before the first month referred to in subparagraph (A) or (B) of such sentence, as the case may be, the elapsed years referred to in section 415(b) (3) of this title shall not include the year in which she attained age 62 or any year thereafter.

(3) Repealed. Pub.L. 89–97, Title III, § 304(n), July 30, 1965, 79 Stat. 370.

*Filing application*

(b) An application for disability insurance benefits filed before the first month in which the applicant satisfies the requirements for such benefits (as prescribed in subsection (a) (1)) shall be deemed a valid application only if the applicant satisfies the requirements for such benefits before the Secretary maks a final decision on the application. If, upon final decision by the Secretary, or decision upon judicial review thereof, such applicant is found to satisfy such requirements, the application shall be deemed to have been filed in such first month. An individual who would have been entitled to a disability insurance benefit for any month had he filed application therefor before the end of such month shall be entitled to such benefit for such month if he files such application before the end of the 12th month immediately succeeding such month.

*Definitions*

(c) For purposes of this section—

(1) An individual shall be insured for disability insurance benefits in any month if—

\* \* \* \* \*

(B) (i) he had not less than twenty quarters of coverage during the forty-quarter period which ends with the quarter in which such month occurred, or

(ii) if such month ends before he attains (or would attain) age 31 and

---

4. See note 4 on page 234.

The plaintiff filed an application for a period of disability and for disability insurance benefits on March 23, 1966 (Tr. 86–89),[5] alleging that he became unable to work on June 24, 1952, at age 30. The application was denied initially (Tr. 91–92) and on reconsideration (Tr. 96–97) by the Bureau of Disability Insurance of the Social Security Administration, after the California Department of Rehabilitation, upon evaluation of the evidence by a physician and a disability examiner, had found that the plaintiff was not under a disability (Tr. 94–95).

The plaintiff then requested a hearing (Tr. 28) which was held on February 2, 1967, at Long Beach, California, where the plaintiff, a witness for the plaintiff, and a vocational consultant appeared and testified (Tr. 29–84). The hearing examiner considered this testimony and all the other evidence of record *de novo* and, on March 29, 1967, issued his decision finding that the plaintiff was not under a disability within the meaning of the Act and was therefore not entitled to a *period of disability or to disability insurance benefits under the Act* (Tr. 9–22).

The hearing examiner's decision became the final decision of the Secretary of Health, Education, and Welfare when it was approved by the Appeals Council on June 21, 1967 (Tr. 1), and that decision is now subject to review by this Court.

he is under a disability by reason of blindness (as defined in section 416(i) (1) of this title), not less than one-half (and not less than 6) of the quarters during the period ending with the quarter in which such month occurred and beginning after he attained the age of 21 were quarters of coverage, or (if the number of quarters in such period is less than 12) not less than 6 of the quarters in the 12-quarter period ending with such quarter were quarters of coverage.

For purposes of subparagraph (B) of this paragraph, when the number of quarters in any period is an odd number, such number shall be reduced by one, and a quarter shall not be counted as part of any period if any part of such quarter was included in a period of disability unless such quarter was a quarter of coverage.

(2) The term "disability" means—

(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; or

(B) in the case of an individual who has attained the age of 55 and is blind (within the meaning of "blindness" as defined in section 416(i) (1) of this title), inability by reason of such blindness to engage in substantial gainful activity requiring skills or abilities comparable to those of any gainful activity in which he has previously engaged with some regularity and over a substantial period of time.

(3) The term "waiting period" means, in the case of any application for disability insurance benefits, the earliest period of six consecutive calendar months—

(A) throughout which the individual who files such application has been under a disability * * *."

4. See Fels v. Ribicoff, 30 F.R.D. 141, 142 (S.D.N.Y.1962) ; Pirone v. Flemming, 183 F.Supp. 739, 740 (S.D.N.Y.1959, aff'd per curiam, 278 F.2d 508 (2d Cir. 1960).

5. All references to "Tr." are to the Administrative Transcript of Record, Exhibit "A" to the Answer, certified as follows:

"CERTIFICATION

I, Charles M. Erisman, Chairman, Appeals Council and Director, Bureau of Hearings and Appeals, Social Security Administration, Department of Health, Education, and Welfare, under authority conferred upon me by the Secretary, hereby certify that the documents annexed hereto constitute a full and accurate transcript of the entire record of proceedings relating to the application of Edgar P. Johnson to establish a period of disability, and his claim for disability insurance benefits under title II of the Social Security Act, as amended, such transcript including application for a period of disability and disability insurance benefits, testimony and other evidence upon which the decision of the hearing examiner of the Bureau of Hearings and Appeals, Social Security Administration, was based.

Date: January 10, 1968

(s) Charles M. Erisman"

The Court has examined the record before this Court, which includes, among other things, the Complaint to Set Aside Decision under Social Security Act, the Answer, and the Administrative Transcript of Record. The matter has been extensively argued by counsel, in writing and orally. The Court has reviewed all of this material and concludes that plaintiff failed to sustain his burden of proving that he was entitled to the establishment of a period of disability or to disability insurance benefits. On the contrary, there is more than substantial evidence in the record to support the decision of the hearing examiner, and the decision of the Secretary should therefore be affirmed by granting summary judgment in favor of the defendant.

Now having heard the arguments and having examined all the files, documents and records herein, the cause having been submitted for decision, and the Court being fully advised in the premises, the Court renders its decision.

## DECISION

### The Applicable Law

Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), reads in part as follows:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party * * may obtain a review of such decision by a civil action * * * in the district court of the United States * *. As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

Under this section, the jurisdiction of the Court is limited to the single question of whether or not the findings of the Secretary of Health, Education, and Welfare are supported by substantial evidence. This specific statutory restriction upon judicial review of the Secretary's decision is applicable to the findings of fact if supported by substantial evidence and extends as well to the inferences drawn therefrom if they have a substantial basis in the record evidence. Mark v. Celebrezze, 348 F.2d 289, 293 (9th Cir. 1965); McMullen v. Celebrezze, 335 F.2d 811, 814 (9th Cir. 1964); Celebrezze v. Bolas, 316 F.2d 498, 500–501 (8th Cir. 1963); Celebrezze v. Maxwell, 315 F.2d 727, 730 (5th Cir. 1963); Hoffman v. Ribicoff, 305 F.2d 1, 6 (8th Cir. 1962); Sherrick v. Ribicoff, 300 F.2d 494, 495 (7th Cir. 1962); Cody v. Ribicoff, 289 F.2d 394, 395 (8th Cir. 1961); Carqueville v. Flemming, 263 F.2d 875, 877 (7th Cir. 1959); Rosewall v. Folsom, 239 F.2d 724, 728 (7th Cir. 1957); United States v. LaLone, 152 F.2d 43, 44 (9th Cir. 1945).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and it must be based on the record as a whole." Celebrezze v. Bolas, supra, 316 F.2d at 501. Where there is substantial evidence both for and against the claimant the court in proceedings such as these is not authorized to weigh the evidence and substitute its judgment for that of the Secretary but must affirm the Secretary's decision. Celebrezze v. Bolas, supra, 316 F.2d at 506. In Miller v. Flemming, 275 F.2d 763, 765 (9th Cir. 1960), the Court of Appeals for this Circuit stated: "We are not free to choose inferences tending to the contrary and thus substitute our fact finding for that of the administrative agency." See also McMullen v. Celebrezze, supra, 335 F.2d at 814; Seitz v. Secretary of Social Security Administration, etc., 317 F.2d 743, 744 (9th Cir. 1963); Conley v. Ribicoff, 294 F.2d 190, 194 (9th Cir. 1961).

Section 216(i) of the Act, the so-called "disability freeze" provision, 42

U.S.C.A. § 416(i), contemplates the elimination from an individual's earnings record of periods during which he was under a "disability", as defined in the Act, for the purpose of determining the amount of his monthly wage, upon which the amount of his benefit is based. Section 223 of the Act, 42 U.S.C.A. § 423, provides for the payment of monthly benefits to individuals under disability.

Both sections 216 and 223 require that an individual have the special insured status as set forth therein in order to be eligible for a disability freeze or monthly benefits. 42 U.S.C.A. §§ 416(i),[6] 423 (b).[7]

Prior to the 1965 amendments to the Social Security Act, the term "disability" was defined in sections 216(i) and 223 (c) (2) of Title II of the Social Security Act as follows:

> "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration."

Section 303(a) of P.L. 89–97, enacted July 30, 1965, amended sections 216(i) and 223(c) (2) of the Act by substituting for the requirement that an individual's impairment must be expected to result in death or be of long-continued and indefinite duration a new requirement that he have been under a disability which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 calendar months.[8] A period of disability by reason of this change may be retroactively established pursuant to the provisions of section 303(f) of P.L. 89–97 beginning as early as October, 1941, but benefits are payable under the amended test only after September, 1965.

The statutory definition of disability imposes a three-fold requirement: (1) there must be a "medically determinable physical or mental impairment which can be expected to result in death", or which must under the former law have been expected to be "of long-continued and indefinite duration", or under the law as amended have lasted or be expected to last for "a continuous period of not less than 12 calendar months"; (2) there must be an "inability to engage in any substantial gainful activity", and (3) the inability must be "by reason of" the impairment. Celebrezze v. Bolas, supra, 316 F.2d at 501; Gotshaw v. Ribicoff, 307 F.2d 840, 844 (4th Cir. 1962); Pollak v. Ribicoff, 300 F.2d 674, 677 (2d Cir. 1962); Adams v. Flemming, 276 F. 2d 901, 903–904 (2d Cir. 1960). See also the comments of the Senate Committee on Finance on H.R. 9366; S.R. 1987, 83rd Congress, 2d Session, pp. 20–21; H.R. 1698, 83rd Congress, 2d Session, p. 23. It should be noted that the amendments do not change the requirements of the definition that a disability must be by reason of a medically determinable physical or mental impairment and that the impairment must be severe enough to prevent the individual from engaging in any substantial gainful activity.

The definition of disability, both prior to amendment of Title II and in its present form, excludes individuals who suffer from a partial rather than a total disability and those who, while unable to continue in their customary employment, might still obtain and successfully pursue some other type of full time or part time labor that would be substantial and gainful. Hicks v. Flemming, 302 F.2d 470, 473 (5th Cir. 1962); Adams v. Flemming, supra, 276 F.2d at 904.

This aspect of the definition of disability has been clarified by the 1967 amendments to the Social Security Act.

---

6. Footnote 2, supra.

7. Footnote 3, supra.

8. Even though the plaintiff filed his application after the 1965 amendments went into effect, the period during which he could be found disabled for purposes of the Act ended in 1957, and the hearing examiner considered his case under both the former and current provisions of the Act (Tr. 10).

Section 158(b) of P.L. 90–248, 81 Stat. 821 points out that an individual is to be determined to be under a disability:

" * * * only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country."

Since the inability to work must be caused by a medically determinable physical or mental impairment, an individual does not meet the statutory definition where he is unemployed for any other reason, such as, for example, because he lacks the motivation or inclination to work or is not faced with the economic necessity of working. See Hicks v. Flemming, supra, 302 F.2d at 473, and Adams v. Flemming, supra, 276 F.2d at 904.

By way of elaboration, rather than change, the 1967 amendments to the Social Security Act further provide by section 158(b) of PL 90–248 [9] that for disability determination purposes:

"(3) * * * a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

and that:

"(5) An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."

Sections 404.1501 and 404.1502 of the regulations of the Social Security Administration, 20 C.F.R. §§ 404.1501, 404.-1502, similarly interpret the term "disability" as used in the Act and set forth the standards for evaluating disability. In addition, sections 404.1510 through 404.1519 of the regulations, 20 C.F.R. §§ 404.1510–404.1519, discuss the medical factors to be considered in determining the effect of impairments in general and in evaluating the degree of dysfunction imposed by specific impairments affecting the various body systems.

### The Question for Review

The issue in this case is whether there is substantial evidence in the record to support the decision of the Secretary that the plaintiff, having the burden of proof thereof, failed to establish that he is entitled to a period of disability under section 216(i) of the Social Security Act, as amended, 42 U.S.C.A. § 416(i), or to disability insurance benefits under section 223 of the Act, 42 U.S.C.A. § 423.

**9.** Section 158(e) of P.L. 90–248, enacted January 2, 1968, provides:

"The amendments made by this section shall be effective with respect to applications for disability insurance benefits under section 223 of the Social Security Act, and for disability determinations under section 216(i) of such Act, filed—

"(1) in or after the month in which this Act is enacted or

"(2) before the month in which this Act is enacted if the applicant has not died before such month and if—

"(A) notice of the final decision of the Secretary of Health, Education, and Welfare has not been given to the applicant before such month; or

"(B) the notice referred to in subparagraph (A) has been so given before such month but a civil action with respect to such final decision is commenced under section 205(g) of the Social Security Act (whether before, in, or after such month) and the decision in such civil action has not become final before such month."

## The Evidence

The plaintiff, who was born on June 19, 1922, alleged that he became unable to work on June 24, 1952, due to loss of the right arm about five inches below the shoulder, loss of two ribs, and injury to the left arm (Tr. 86). At the hearing, the plaintiff also complained of a bad back (Tr. 60). The plaintiff had worked at coal mining, performing such jobs as driller and loader, brakeman, switching cars and operating electric locomotives and gathering motors (Tr. 52–54, 103, 108). During his military service from October, 1942, to February, 1946, he worked primarily as an artillery mechanic and tank driver (Tr. 45–46, 48). The plaintiff completed five years of school and can read and write (Tr. 49–50). The plaintiff's right arm was amputated in June 1952, due to a mining accident. He had been right-handed (Tr. 54). It is conceded that the plaintiff could not perform his former work (Tr. 21).

The plaintiff's earnings record (Tr. 98) shows that he last met the special earnings requirement for insured status under the Act on June 30, 1957 (Tr. 92, 96). The burden of proof was on the plaintiff to establish his entitlement to benefits under the Act. Seitz v. Secretary of Social Security Administration, 317 F.2d 743, 744 (9th Cir. 1963). It was incumbent upon the plaintiff to prove that prior to June 30, 1957, he was "disabled" within the meaning of the Social Security Act, that is, that he suffered from a medically determinable impairment which could be expected to result in death or which had lasted or could be expected to last for a continuous period of not less than 12 calendar months and which was so severe as to render him unable to engage in any substantial gainful activity. Whether there was substantial evidence in the record to support the hearing examiner's finding that the plaintiff was not thus disabled is the sole issue before the Court on this review of the hearing examiner's decision.

The medical evidence of record demonstrates that the plaintiff's major defect is the anatomical loss of his right arm, but the conceded seriousness of such an impairment does not, in and of itself, establish a resultant inability to engage in substantial gainful activity. 20 C.F.R. § 404.1511; Metropolitan Life Ins. Co. v. Foster, 67 F.2d 264, 266 (5th Cir. 1933). Within nine months of his accident, the plaintiff's amputation stump was well healed, he was considered a good candidate for physical and vocational rehabilitation, and he was furnished a prosthesis and placed on prosthetic training (Tr. 113–15). Unfortunately, due to lack of motivation or some alleged discomfort from the device, the plaintiff chose to use the prosthesis for only three months. (Tr. 59).

The plaintiff's complaints concerning his left arm are referable to an old fracture and chronic deformity (Tr. 116–17). Dr. Stanley S. Haft, an orthopedic surgeon (Tr. 123), reported that the fracture had healed in excellent alignment, that left shoulder movement was normal, and that there was nothing significant except for chest scars. Although there was some limitation on straightening of the left arm, it functioned well and no active treatment was indicated (Tr. 119–22).

A report dated January 1967, from Dr. Dean K. Hendricks, a chiropractor, indicated objective findings which were not substantially different from those of Dr. Haft, but he nevertheless concluded that the plaintiff was physically incapable of performing regular employment and that the impairments "will have lasted a continuous period or not less than 12 months." Dr. Hendricks' report was made ten years after the plaintiff last met the earnings requirement for insured status, and Dr. Haft's report was one year earlier. In any event, to the extent that medical reports are conflicting or subject to conflicting inferences, the resolution of any such conflict is the sole function of the trier of fact on behalf of the Secretary. Celebrezze v. Bolas, supra, 316 F.2d at 501; Hayes v. Celebrezze, 311 F.2d 648, 653 (5th Cir. 1963); Gotshaw v. Ribi-

coff, supra, 307 F.2d at 845; Snyder v. Ribicoff, 307 F.2d 518, 520–521 (4th Cir. 1962). The hearing examiner was justified in adopting the findings and conclusions of Dr. Haft, an orthopedic specialist, whose findings were clearly based on appropriate objective medical data, were "supported by specific and complete clinical findings", and were "consistent with other evidence as to the severity and probable duration of the individual's impairment or impairments." 20 C.F.R. § 404.1526;[10] Easttam v. Secretary of Health, Education and Welfare, 364 F.2d 509, 513 (8th Cir. 1966); Brookshire v. Celebrezze, 233 F.Supp. 278, 281 (W.D. S.C.1964).

Although the plaintiff complains of a back condition, the record fails to show the presence of a medically determinable impairment which had its inception on or before June 30, 1957. Reports from Christ Hospital, dating from 1953 (Tr. 113–18), are entirely silent with respect to any complaints, findings or diagnosis referable to the back. The plaintiff testified that the back condition had not become severe until three or four years before the 1967 hearing (Tr. 49). The plaintiff's witness, Mrs. Page, testified that she did not think the plaintiff had back trouble in 1957 (Tr. 65).

Dr. Demos, the vocational expert, testified that as of June 30, 1957, there were a variety of jobs that the plaintiff could perform without the prosthesis (Tr. 73–74) and that there were additional types of work that would have been available had he used the device (Tr. 77–78). All the jobs enumerated were available as of that time in the plaintiff's general area of Los Angeles and Long Beach as well as statewide and nationally (Tr. 75).

Subsequent to the hearing, Dr. E. G. Skaggs, who performed the amputation, stated that he felt the plaintiff was totally unable to do any physical labor, but his observation was in the present tense and predicated on observation extending three years beyond the date that the plaintiff last met the special earnings requirement. His opinion was unsupported by any data whatsoever.

Undoubtedly the plaintiff had a partial disability which made work more difficult and uncomfortable. The plaintiff failed to establish that his pain or discomfort were of sufficient severity and continuity to preclude him from engaging in substantial gainful activity on or prior to June 30, 1957. Page v. Celebrezze, 311 F.2d 757, 762–763, (5th Cir. 1963); Martinelli v. Celebrezze, 228 F. Supp. 434, 435 (D.Mass.1964); Garboden v. Secretary of Health, Education and Welfare, 258 F.Supp. 370, 372 (D. Ore.1966).

■ The record does not establish the existence of an impairment or impairments individually or in combination, which prevented the plaintiff from engaging in some type of gainful activity.

In accordance with the foregoing, which shall also constitute findings of fact and conclusions of law, the Court now makes its formal Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. Plaintiff is a resident of the judicial district of this Court.

2. This action was commenced within sixty days after the plaintiff was noti-

---

10. 20 C.F.R. § 404.1526:
"§ 404.1526 Conclusion by physician regarding individual's disability.
The function of deciding whether or not an individual is under a disability is the responsibility of the Secretary. A statement by a physician that an individual is, or is not, 'disabled,' 'permanently disabled,' 'totally disabled,' 'totally and permanently disabled,' 'unable to work,' or a statement of similar import, being a conclusion upon the ultimate issue to be decided by the Secretary, shall not be determinative of the question of whether or not an individual is under a disability. The weight to be given such physician's statement depends on the extent to which it is supported by specific and complete clinical findings and is consistent with other evidence as to the severity and probable duration of the individual's impairment or impairments."

fied of the final decision of the Secretary of the Department of Health, Education, and Welfare of the United States of America.

3. Defendant is the Secretary of the Department of Health, Education, and Welfare of the United States of America, and has filed as part of his Answer herein a certified copy of the Administrative Transcript of Record, Exhibit "A" to said Answer.

4. Facts and evidence contained and set forth in the said Administrative Transcript of Record are, and each of them is, true and correct.

5. The following Conclusions of Law, insofar as they may be concluded Findings of Fact, are so found by this Court to be true in all respects. From the foregoing facts, the Court concludes that:

## CONCLUSIONS OF LAW

### I

Under the provisions of section 205 (g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), this Court has jurisdiction to review the final decision of the defendant only to the extent of determining whether the decision is supported by substantial evidence.

### II

The final decision of the defendant and the Findings of Fact upon which it is predicated are supported by substantial evidence and, under the provisions of section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), are conclusive, and thus are approved and affirmed by this Court.

### III

Any Conclusions of Law contained in the Findings of Fact are deemed incorporated herein by reference.

### IV

There is no genuine issue as to any material fact and the Complaint fails to state a claim upon which relief can be granted. Accordingly, plaintiff is not entitled to any relief under or by virtue of the Complaint.

## ORDER

By reason of the foregoing Decision, Findings of Fact and Conclusions of Law, it is hereby ordered that Judgment be entered affirming the final decision of the Secretary.

Let judgment be entered accordingly.