Nicola PIRONE, Plaintiff,

v.

Arthur S. FLEMMING, Department of Health, Education and Welfare of the Social Security Administration, Defendant.

United States District Court
S. D. New York.
May 15, 1959.

Dante S. Alberi, Mt. Vernon, N. Y., Gioffre & Gioffre, White Plains, N. Y., for plaintiff.

Arthur H. Christy, U. S. Atty., New York City, John W. Hasson, Asst. U. S. Atty., Woodside, N. Y., for defendant.

CASHIN, District Judge.

This is a motion by defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for summary judgment.

■ On February 16, 1955, plaintiff filed an application for old-age insurance benefits, and also filed an application for insurance benefits for his two children on the plaintiff's wage record. Plaintiff's wife also filed an application for insurance benefits on the plaintiff's wage record. On September 14, 1956, plaintiff and his wife were awarded the sought-after benefits, effective February 1955. These benefits were subsequently revoked by the Bureau of Old-Age & Survivors Insurance of the Social Security Administration upon the ground that the claimant was the owner of a business and was rendering services as a self-employed person, and that his earnings were in excess of the statutory limitation. Plaintiff had a rehearing and the Bureau affirmed its determination. All of the above was before the Bureau. Plaintiff then requested a hearing before a Referee of the Social Security Admin-istration to review the determination of the Bureau. This was had and the Referee affirmed the Bureau of Old-Age & Survivors Insurance. An appeal by plaintiff, from the affirmance, was taken for review and his request for review was denied by the Appeals Council of the Department of Health, Education & Welfare. Thereafter, this action was started.

■ The action was properly instituted. 42 U.S.C.A. § 405(g). The Secretary filed, as part of its answer, a certified copy of the transcript of the record, including the evidence upon which the findings and decision, sought to be reviewed, was based. This is also pursuant to Section 405(g) supra. Section 405(g) states, in part, as follows:

"As part of its answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing."

The court will treat this motion as one made under the above provision, for judgment on the pleadings.

■ "The findings of the Secretary [of Health, Education & Welfare] as to any fact, if supported by substantial evidence, shall be conclusive, * * *". 42 U.S.C.A. § 405(g). The court is not authorized to substitute its judgment for the judgment of the administrative agency, nor may it set aside a determination of the Appeals Council of the Social Security Administration if there is a legal basis therefor. See Crooks v. Folsom, D.C., 156 F.Supp. 631. The decision of the Appeals Council is the final decision of the Secretary for the purposes of judicial review under Title 42 U.S.C.A. § 405(g). See Crooks v. Folsom, supra, at p. 635 and cases therein cited. As to what is substantial evidence, the court in

National Labor Relations Board v. Columbian E. & Stamping Co., 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660, said that:

"Substantial evidence means 'enough [evidence] to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.'" Cf. Rambin v. Ewing, D.C.W.D.La.1952, 106 F.Supp. 268, 272.

My independent review of the transcript in evidence compels me to conclude that there is ample evidence to support the findings of fact of the administrative agency which, as a matter of law, supported the action taken. The portion of the memorandum of the attorneys for the plaintiff submitted in opposition to the motion which is quoted below strikingly indicates that what is sought by plaintiff herein is not a review to establish whether there was substantial evidence to support the conclusion of the administrative body, but rather a trial *de novo* before the District Court:

"The referee cited as the basic issue in the hearing the question of whether the plaintiff had established by the evidence a 'bona fide transfer of the real ownership without any implied or secret reservations of control, title, or sharing of profits.'

"In arriving at his decision, the Referee declared that 'there are numerous statements in the testimony and exhibits from which justified suspicion of the good faith of the transfer can be raised.'

"It is submitted that this statement is indicative of the basis upon which the Referee arrived at his decision, namely, that the *facts* of the case impelled the Referee to rule against the plaintiff. This is likewise the basis of plaintiff's appeal, namely, that the *facts* of this case indicate a bona fide transfer of the business from the father to the son and that the Referee, in deciding

against the plaintiff, arrived at a decision which is decidedly contrary to the preponderance of evidence."

Judgment on the pleadings in favor of the defendant is granted, and the Clerk is directed forthwith to enter judgment.