Booker C. DOWLING, Claimant and Wage Earner, Social Security No. 063–10–8421, Plaintiff,

v.

Abraham A. RIBICOFF, Secretary of Health, Education and Welfare, Defendant.

United States District Court
S. D. New York.
Nov. 22, 1961.

---

544

Frederick E. Samuel, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York City, for defendant, Morton L. Ginsberg, Asst. U. S. Atty., New York City, of counsel.

McGOHEY, District Judge.

This is an action under 42 U.S.C.A. § 405(g) to review a final decision of the Secretary of Health, Education and Welfare denying the plaintiff's application to establish a period of disability, 42 U.S.C.A. § 416(i), and for disability insurance, 42 U.S.C.A. § 423. A certified copy of the transcript of the record has been filed by the defendant with his answer as required by 42 U.S.C.A. § 405(g).

The defendant moves under Rule 56 of the Fed.Rules of Civ.Proc., 28 U.S.C.A., for summary judgment dismissing the complaint. The court will treat the motion as one made under section 405(g) for judgment on the pleadings.[1]

The plaintiff does not assert that he lost employment due to a "medically determinable physical or mental impairment," 42 U.S.C.A. § 416(i). He contends rather, that he has been prevented from regaining employment by such an impairment. He worked as an elevator operator, general handy man, and caretaker of a building from 1931 until October 17, 1952, when he was laid off following the installation of automatic elevators. At that time he had some not very serious difficulty with his knee which thereafter, he alleged, became steadily worse. The period of disability he seeks to establish would begin in December 1952, two months after his discharge.

The plaintiff filed applications for disability insurance benefits on November 20, 1958, and to establish a period of disability on December 5, 1958. The Bureau of Old-Age and Survivors Insurance denied the applications initially, and on reconsideration, after the New York Department of Social Welfare, upon evaluation of the evidence by a disability examiner and a physician, had found that the plaintiff was not under a disability. Thereafter, the plaintiff requested a hearing by the hearing examiner of the Social Security Administration. This was held on January 12, 1960, at which time the hearing examiner took the testimony of the plaintiff and considered the entire case de novo. He rendered a decision on March 15, 1960, finding that the plaintiff had not established a disability and was not entitled to disability insurance benefits. The plaintiff's request for review by the Appeals Council was denied. Hence, the hearing examiner's decision stands as the final decision of the Secretary.[2]

1. Pirone v. Flemming, D.C., 183 F.Supp. 739, aff'd 2 Cir., 278 F.2d 508.

2. The Hearing Examiner summarized his findings as follows: "A review of the

■■ "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * *." 42 U.S.C.A. § 405(g). The court is bound also by inferences having the support of substantial evidence.[3] Substantial evidence means "enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."[4]

■ The plaintiff was fifty years of age at the time of his discharge. His education did not extend beyond the seventh grade. He has never had any skilled training or experience. Plaintiff argues that these factors, combined with his arthritic condition, severely limited the opportunities for gainful employment left open to him. While these conditions are relevant,[5] there was no showing here that, even considering these factors, the plaintiff was unemployable. What, if any, efforts he made to gain employment are not disclosed. He readily admitted that, so long as he could sit down, he could continue in the same line of work as before. This is a far cry from the Parfenuk case, supra, where a 64-year-old wood chopper and upholsterer suffered an impairment of his hand; and from Whalen v. Ribicoff,[6] involving a 59-year-old bartender who, having "substantially lost the function of his left

evidence establishes that the claimant stopped working in October 1952 not due to any disability but because he was laid off as his services as an elevator operator were no longer required. He was contemplating opening a saloon or liquor store but due to pains in his left knee which became increasingly worse, he is unable to stand for any length of time and needs the assistance of a cane when walking. The medical evidence indicates that the claimant was seen in the Orthopedic clinic of the Hospital for Joint Diseases for the first time in February 1953 with complaints of pain in his left leg but he did not return to that clinic until 3 years later again complaining of instability of his left knee. Except for a peculiar shuffling gait no instability was noted; no specific neurological diseases were noted; x-rays of the knee showed slight irregularity suggestive of hypertrophic changes and seriological tests were negative. Upon his last clinical visit in February 1958, all he complained of was pain in his left knee. The consultative examination of August 9, 1959, showed osteoarthritis involving the left knee and lumbar spine with flexion and extension of the spine not remarkable and with mild limitation of motion on side bending. Xray of the left knee revealed joint space to be well preserved, no evidence of demineralization, cortex intact and interpretation was 'normal knee.' There was a diagnosis of hypertensive heart disease due to blood pressure reading of 208/130 and although the heart was found to be enlarged to 10 cm outside the midclavicular line, the tones were of good quality and the rhythm was regular. At the hearing before the Hearing Examiner the claimant admitted that he was perfect except for the condition of his left knee; that he had not seen a doctor for over a year, took no medication but treated himself with an electric machine, and if he could find a job where he could sit he would be able to work. Apparently it has only been established by the evidence that the claimant is unable to perform any work that requires standing or undue lifting and by his own admission he can perform and do work if he were permitted to sit and therefore it appears reasonable to assume that the claimant could engage in some type of work not requiring much standing, walking or bending.

"The Hearing Examiner, therefore, finds that the claimant has not been suffering from a medically determinable mental or physical impairment of such severity as to have prevented him from engaging in any substantial gainful activity since December 1952, as alleged, or from any time in and prior to the quarter ending December 31, 1957, when he last met the special earnings requirements under the law."

3. Adams v. Flemming, 2 Cir., 276 F.2d 901.

4. N. L. R. B. v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660; Pirone v. Flemming, D.C., 183 F.Supp. 739, 741, aff'd 2 Cir., 278 F.2d 508.

5. Parfenuk v. Flemming, D.C., 182 F. Supp. 532, 535–536; but see Adams v. Flemming, 2 Cir., 276 F.2d 901.

6. D.C., 197 F.Supp. 1.

hand \* \* \* the remaining usefulness of his left arm as a whole [was] negligible."

The findings of the Secretary are supported by substantial evidence in the record.

Judgment on the pleadings in favor of the defendant is granted. The Clerk is directed to enter judgment forthwith.

So ordered.