**Hattie FELS, Plaintiff,**

v.

**Abraham A. RIBICOFF, Secretary of Health, Education and Welfare, Defendant.**

United States District Court
S. D. New York.

April 9, 1962.

Paul Amerling, Hudson, N. Y., for plaintiff.

Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, New York City, for defendant. John F. X. Peloso, Asst. U. S. Atty., New York City, of counsel.

SUGARMAN, District Judge.

The plaintiff herein brought an action under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), for a review of a final decision of the Secretary of Health, Education and Welfare, which held that although the plaintiff was entitled to old age insurance benefits under the Act, she was ineligible to receive payment thereof in any month of the years 1957 and 1958 because she performed services and received earnings therefrom in an amount which required the imposition of deductions against her benefits.

The defendant, after answer, now moves pursuant to F.R.Civ.P. 12(c), 28 U.S.C.A. for judgment on the pleadings in his favor.

Appended to the "Plaintiff's Memorandum in Opposition" to the defendant's motion aforesaid are an affidavit of the plaintiff, sworn to February 19, 1962 and an affidavit of her accountant, sworn to February 19, 1961 [sic]. In the plaintiff's affidavit she refers to this motion as one "for Summary Judgment dismissing this action".

■ While it is true that F.R.Civ.P. 12(c) provides:

"If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and *not excluded* by the court, the motion shall be treated as one for summary judgment * * *." (Emphasis supplied.)

I am constrained to exclude the aforesaid affidavits.

■ Under Section 205(g) of the Act, 42 U.S.C.A. § 405(g), the court is vested with power to "review" the Secretary's determination and to enter, "upon the pleadings and transcript of the record", the appropriate judgment. Accordingly, the only papers which I may consider on this motion are the amended complaint and answer thereto filed in this court, the latter having appended to it the transcript of the entire record of proceedings relating to the plaintiff's application for old age insurance benefits before the defendant's department. Pirone v. Flemming, D.C., 183 F.Supp. 739 (S.D.N.Y. 1959), affirmed on the opinion of the District Court, 278 F.2d 508 (2d Cir. 1960).

■ The findings of the Secretary, that the drawings of the plaintiff from her wholly-owned corporation during 1957 and 1958 constituted earnings for services for the business and not repayment of a loan by her to the corporation, as contained in the Referee's decision of July 15, 1959, of which the Appeals Council of the Social Security Administration denied the plaintiff's request for review on October 8, 1959, are amply supported by substantial evidence adduced at the hearing before the Referee on May 27, 1959, and as otherwise disclosed in the transcript filed herein as aforesaid with the defendant's answer. They, therefore, are conclusive under the Act.

The defendant's motion for judgment on the pleadings is granted.

Settle an order.