William SAGE

v.

Anthony J. CELEBREZZE, Secretary of
Health, Education and Welfare.

C. A. 1093(Re).

United States District Court
W. D. Virginia,
Abingdon Division.

Sept. 17, 1965.

D. H. Frackelton, of Widener, Widener & Frackelton, Bristol, Va., for plaintiff.

William C. Breckinridge, Asst. U. S. Atty., Roanoke, Va., for defendant.

MICHIE, District Judge.

Plaintiff has petitioned this court for review of the final decision of the Secretary below denying the plaintiff's claim for disability insurance. Jurisdiction is based upon section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), quoted in full hereinafter. Following a former remand, the Government filed its answer on behalf of the Secretary and appended thereto as part of the pleading the transcript of the proceedings below in compliance with section

205(g). Both the parties filed motions for summary judgment under Federal Rule 56 and briefs in support thereof. Such a motion will be granted to the party so moving only if there is no material issue of fact remaining for decision and if the movant is entitled to the decision as a matter of law. 6 Moore, Federal Practice, § 56.04[1] (2 ed. 1953).

To his brief plaintiff appended three letters (Appendices "A", "B", and "C") which were not part of the record below. The letter marked "Appendix A" is dated June 10, 1965, addressed to plaintiff's counsel and signed and sworn to by Bob E. Croft, Executive Vice President of the Bristol, Virginia-Tennessee Chamber of Commerce. The plaintiff admittedly was submitting the document only for "such value as the court would place on the same without argument."

Appendix "B" consists of a letter dated May 26, 1965 which, according to the plaintiff's attorney, is a part of the record in another claim involving a third party which is now before the Appeals Council. The letter is signed by John F. Clark, President-Treasurer of the Dixie Coca-Cola Bottling Co., Inc. of Bristol, Virginia and is submitted by the plaintiff "for such probative value as the same may carry in view of the testimony of Mr. Fort" who testified as a Vocational Expert in an impartial status. He testified that the job of bottle-inspector was available in the local economy. However, Mr. Clark's letter could be considered as negativing the possibility that a person in the claimant's condition of health could secure such a position in Mr. Clark's firm. Certainly this letter would have been relevant to the Hearing Examiner's determination of this case; however, the question before me now is whether it is proper for me to consider this in reviewing the Secretary's decision.

Appendix "C" is a letter signed and sworn to by Dr. J. N. Chew and dated June 11, 1965. It is offered at this stage, according to plaintiff's counsel, "as a comprehensive clarification and conclusion of the position of one of plaintiff's internist", namely Dr. Chew. There appear in the record two letters from Dr. Chew, one dated September 5, 1963 and the other March 19, 1964 as well as a four page report dated March 4, 1963 signed by Dr. Chew.

As I stated above, the issue now before me is whether it is proper for a district court in reviewing the decision of the Secretary denying plaintiff's claim, to consider the contents of the three appended letters which are now offered for the first time in this claimant's action.

■ A careful reading of section 205 (g) [1] clearly indicates that Congress in-

---

1. Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia. As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Secretary or a decision is rendered under subsection (b) of this section which is adverse to an individual who was a party to the hearing before the Secretary, because of failure of the claimant or such individual to submit proof in conformity with any regulation prescribed under subsection (a) of this section, the court shall review only the question of conformity with such regulations and the validity of such regulations. The court shall, on motion of the Secretary made before he files his answer, remand the case to the Secretary for further action by the Secretary, and may,

tended that the district courts should have only the power to review the record as compiled below and not to proceed *de novo*. This is evidenced by the sentence in the subsection which confers on the court the power to enter judgment "upon the pleadings and the transcript of record." Therefore, I cannot consider any matters outside of the pleadings and incorporated transcript.

In his memorandum urging my consideration of these appended letters plaintiff relies upon the following statement of facts in Pruitt v. Flemming, 182 F.Supp. 159, 160 (S.D.W.Va.1960).

> * * * and, after the filing of the defendant's answer together with the certified copy of the transcript of the record of the administrative proceedings, the defendant moved for a summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. No *affidavits* having been filed by either party, the issue to be decided will be considered on the basis of the pleadings and the transcript of the administrative proceedings. (Emphasis added)

Plaintiff argues that this statement indicates that affidavits under Rule 56 would be allowable in a social security case. It must be noted that the court in its opinion followed the rule that a hearing *de novo* could not be had on the evidence.

Plaintiff also points to Chronister v. Celebrezze, 224 F.Supp. 121, 125 (W.D. Ark.1963) where the fact statement by the court indicates that a doctor's affidavit attached to plaintiff's motion for

summary judgment was received in evidence.

■ In neither of these cases was the propriety of the introduction of affidavits questioned. Therefore, at most, these statements have the force of mere *dicta*. Furthermore, plaintiff cites the following passage from 6 Moore, Federal Practice § 56.11[1] at p. 2059 (2 ed. 1953):

> Summary judgment procedure does not contemplate a trial by affidavits. Nevertheless Rule 56 authorizes the use of affidavits by both the moving and the opposing party for the purpose of establishing that there is or is not a *triable issue of fact*. The use is permissive. (Emphasis mine) (footnotes omitted).

When read in light of Section 205(g), it is clear that there can be no triable issue of fact in this court, since my power is only one of review. "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, * * *." My review power is only to determine if the Secretary's findings and decision are supported by the evidence. Since there can be no triable issue of fact before me in these proceedings, the use of affidavits as permitted by Rule 56 would be useless. Mr. Moore further states that

> the summary judgment may be peculiarly appropriate in an action to enjoin or enforce an administrative order, because of the type of review provided by statute. Thus in an action to * * * obtain review of an administrative order where the plaintiff has no right to a trial *de*

---

at any time, on good cause shown, order additional evidence to be taken before the Secretary, and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or its decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based. Such ad-

ditional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision. The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions. Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Secretary or any vacancy in such office.

*novo*, but is limited to review of the record before the agency and this record is before the court, the case is ripe for summary disposition, for whether the order is supported by sufficient evidence, under the applicable statutory standard, or is otherwise legally assailable, involve matters of law.

6 Moore, Federal Practice, § 56.17[3] at p. 2175 (2 ed. 1953).

I find that the case of Fels v. Ribicoff, 30 F.R.D. 141 (S.D.N.Y.1962), is squarely in point. There the plaintiff, in a proceeding to review the denial of her claim for old age insurance benefits, had appended her affidavit and that of her accountant to her memorandum in opposition to the Government's motion for judgment on the pleadings. Plaintiff in her affidavit referred to the Government's motion as one "for Summary Judgment dismissing this action." Judge Sugarman correctly concluded that because of the "review" nature of the proceeding under Section 205(g) he was constrained to exclude the affidavits:

> Accordingly, the only papers which I may consider on this motion are the amended complaint and answer thereto filed in this court, the latter having appended to it the transcript of the entire record of proceedings relating to the plaintiff's application for old age insurance benefits before the defendant's department. Id. at 142.

 I think the foregoing discussion logically leads one to the conclusion that I cannot consider these three appended letters in reviewing the decision of the Secretary. In the alternative, plaintiff has requested that the case be remanded to the Secretary for the taking of additional evidence, presumably the introduction of these three appendices. Remand to the Secretary for the taking of additional evidence can only be had on a showing of good cause. In determining "good cause" the following should be remembered:

> " 'The Social Security Act is to be liberally construed as an aid to the achievement of its Congressional purposes and objectives. Narrow technicalities which proscribe or thwart its policies and purposes are not to be adopted.'

> "In these circumstances, courts must not require such a technical and cogent showing of good cause as would justify the vacation of a judgment or the granting of a new trial, where no party will be prejudiced by the acceptance of additional evidence and the evidence offered bears directly and substantially on the matter in dispute." Blanscet v. Ribicoff, 201 F.Supp. 257, 265 (W.D.Ark.1962).

 I believe that the existence of the three letters, above referred to, that are not in the record constitutes "good cause" for remanding the case to the Secretary for the taking of additional evidence and the case will be remanded accordingly.

It is so ordered.