Michael **CARNEVALE**, Plaintiff-Appellant,

v.

John W. **GARDNER**, as Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 429, Docket 31678.

United States Court of Appeals Second Circuit.

Submitted April 11, 1968.

Decided April 30, 1968.

Michael Carnevale, pro se.

Frank A. Dziduch, Asst. U. S. Atty., Justin J. Mahoney, U. S. Atty., Albany N. Y., for defendant-appellee.

Before LUMBARD, Chief Judge, and WATERMAN and KAUFMAN, Circuit Judges.

WATERMAN, Circuit Judge:

Appellant commenced this action in the United States District Court for the Northern District of New York seeking review under 42 U.S.C. § 405(g) of a final decision of the Secretary of Health, Education and Welfare by which appellant's applications for disability insurance benefits under Section 223 of the Social Security Act, 42 U.S.C. § 423, and for the establishment of a period of disability under Section 216(i) of the same Act, 42 U.S.C. § 416(i), had been denied. The district court granted appellee's motion for summary judgment, and appellant brought the case here. We reverse and remand to the district court with instructions that the case be remanded to the Secretary and ordered reopened at the administrative level.

■ The records show that appellant last met the earnings requirement for disability purposes on March 31, 1961. Thus, in order to obtain the benefits he requested, it was incumbent upon appellant to show that prior to March 31, 1961 he was unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months * * *." 42 U.S.C. §§ 416(i), 423. The bulk of appellant's evidence to support his contention that he was disabled within the meaning of the statute consisted of testimony and documents regarding several hospitalizations for surgery which he incurred both before and after the date upon which the earning requirement was last met. Both appellant and appellee concede that evidence bearing upon an applicant's condition subsequent to the date upon which the earning requirement was last met is pertinent evidence in that it may disclose the severity and continuity of impairments existing before the earning requirement date or may identify additional impairments which could reasonably be presumed to have been present and to have imposed limitations as of the earning requirement date. From his written decision in this case, it is obvious that the Hearing Examiner considered appellant's operation in June 1960 to close a perforation of a duodenal ulcer and the attendant three-month recuperation period, his April 1961 fistulectomy and operation for hernia and subsequent recovery period, and his hospitalization and treatment for, *inter alia,* varicose veins in July and August 1964. It is equally obvious that the Examiner did not consider appellant's vagotomy and antrectomy for a duodenal ulcer in August 1961. No mention is made of the latter operation in the Hearing Examiner's decision, the district court's opinion, or the appellee's brief. In conformity with what we have said regarding evidence relating to events which occurred after the date upon which the earning requirement was last met, it is certainly possible that an ulcer condition requiring an operation in August 1961 imposed some limitation upon appellant's activities in March 1961. Also, the fact, specifically supported by items in the Record, that appellant underwent another ulcer operation in August 1961, may be a clear indication that appellant's condition following the June 1960 operation was not as improved as the Hearing Examiner found it to have been.

■ The Record contains the hospital entries regarding appellant's July 1964 hospitalization. These disclose that his condition was in part diagnosed then as "Post op vagotomy and antrectomy for duodenal ulcer in 1961 with continuing G. I. symptoms," based upon the medical

history of his "vagotomy and antrectomy in 1961 for duodenal ulcer" and his "mild continuing weight loss since that time with frequent post prandial vomiting"; and that, for continuing treatment, "Patient to return to Surgical Clinic on 9/2/64 for further observation and treatment of varicose veins, and status postop vagotomy and antrectomy for duodenal ulcer in 1961 with continuing G. I. symptoms." The Record also contains a letter to the Chief Medical Consultant of the Bureau of Disability Determinations from a Dr. Bruns relative to the doctor's examination of appellant. This letter contains the statement, "After closure of a perforated ulcer in 1960, he underwent a vagotomy and antrectomy for a duodenal ulcer in 1961."[1] Thus it is clear that in summarizing and sifting the evidence in this case, the Hearing Examiner totally ignored a major piece of evidence which might well have influenced his decision. We cannot fulfill the duty entrusted to us, that of determining whether the Hearing Examiner's decision is in accordance with the Act, see, e. g., Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L. Ed. 456 (1951); Thomas v. Celebrezze, 331 F.2d 541 (4 Cir. 1964); Boyd v. Folsom, 257 F.2d 778 (3 Cir. 1958), if we cannot be sure that he considered some of the more important evidence presented, for Congress directed that in the first instance the Hearing Examiner is to make the findings of fact and decide the rights of individuals applying for benefits, 42 U.S.C. § 405(b).

Therefore, the order below is vacated and the case is remanded to the district court with the instruction that it be remanded to the Secretary for further proceedings consistent with this opinion.

---

[1] It should also be noted that when this case was before the district court the appellant, who has acted *pro se* from the very commencement of his claim, attempted to have an official notification from the hospital regarding his August 1961 operation inserted into the Record. The district court refused to allow it, stating that the notification should have been incorporated into the Record during the administrative phase of the proceedings. While the district court may have been technically correct in refusing to take into consideration in its review of the case any materials not properly in the administrative record, see 42 U.S.C. § 405(g); Fels v. Ribicoff, 30 F.R.D. 141 (SDNY 1962); Sage v. Celebrezze, 246 F.Supp. 285 (W.D.Va.1965), it was within the court's power to remand the case to the administrative agency with directions that the additional evidence be there inserted into the record and that the claim be administratively reconsidered in light of the added evidence. 42 U.S.C. § 405(g). See Bohms v. Gardner, 381 F. 2d 283 (8 Cir. 1967); Sage v. Celebrezze, supra.