Harold SHAFFER, Plaintiff,

v.

John W. GARDNER, Secretary of Health, Education, and Welfare, Defendant.

Civ. A. No. 10393.

United States District Court
N. D. New York.

Sept. 5, 1968.

Fred J. O'Donnell, Ilion, N. Y., for plaintiff.

Justin J. Mahoney, U. S. Atty., Albany, N. Y., for defendant.

TIMBERS, District Judge.*

Defendant Secretary of Health, Education and Welfare (Secretary) has moved, pursuant to Rule 56(b), Fed.R.Civ.P., for summary judgment dismissing the complaint in which plaintiff Harold Shaffer, pursuant to the provisions of Section

* Chief Judge of the District of Connecticut, sitting by designation.

205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), seeks a review and reversal of the final decision of the Secretary denying plaintiff's claim filed August 20, 1962 for a period of disability and disability benefits under Sections 216(i) and 223 of the Act (42 U.S.C. §§ 416(i) and 423).

■ The Secretary's summary judgment motion is based upon the complaint, motion, affidavits, proceedings before the hearing examiner, and exhibits. After receiving the motion upon submission of briefs by both sides at Syracuse on May 13, 1968, and viewing the inferences to be drawn from the underlying facts contained in these materials in the light most favorable to plaintiff as the party opposing the instant motion, United States v. Diebold, Inc., 369 U.S. 654, 655 (1962), the Court concludes that there is substantial evidence to support the Secretary's decision and that the Secretary is entitled to judgment in his favor as a matter of law.

The Secretary's motion for summary judgment accordingly is granted.

## JURISDICTION

Jurisdiction is based on Section 205 (g) of the Social Security Act, 42 U.S.C. § 405(g).

## FACTS

The background of this claim is recited in some detail in the late Judge Brennan's decision rendered June 8, 1966, on appeal from the first hearing examiner's report:

"On September 8, 1958 the plaintiff sustained injuries to his back and shoulder by reason of a falling cable released through the action of an employee of the Bell Telephone Company. Plaintiff for some time had been a construction laborer and at the time of the accident was employed by the Parry Company, his actual activity being that of 'flagman', in a construction project involving the building of a bridge near Clinton, New York. He continued his employment for a few days and at the suggestion of a representative of the Telephone Company, he then consulted Dr. Shaughnessy at Herkimer, N. Y. It would seem that shortly thereafter plaintiff retained counsel in the matter of his injuries, referred to above, his claim being based upon the alleged negligence of the third party Telephone Company. Plaintiff has since remained unemployed. It would appear that on September 30, 1961, the earnings requirement of the Social Security Act were last met by this plaintiff. On August 20, 1962, plaintiff made application for disability benefits under the Social Security Act. The application was denied April 9, 1963 on the conclusion that the applicant's condition 'is not one which is expected to continue for a long and indefinite time without real improvement.' Reconsideration was denied on June 25, 1963 upon the basis that the plaintiff's 'condition was not severe enough to prevent you from engaging in substantial gainful work similar to work you have previously done'. In the meantime in January 1963, plaintiff sustained a broken hip in an automobile accident. This incident however and its medical results would not seem to be important in this decision since the earning requirements under the Act had expired on September 30, 1961. On October 16, 1963 plaintiff made an application for a hearing in the matter of his claim. A hearing was held on November 25, 1963 and on April 10, 1964 relief was denied in a decision by the examiner. Request for review by the Appeals Council was denied September 18, 1964 after three additional items of medical evidence had been added to the record."

Judge Brennan reversed the hearing examiner's denial of plaintiff's claim and remanded for a new hearing. He ordered that certain defects in the original determination be corrected, and that there be applied the amended test of disability, effective July 30, 1965, which defined disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months. * * *" Social Security Act, §§ 216 (i) (1) and 223(c) (2) (42 U.S.C. §§ 416 (i)(1)and 423(c)(2)). This new definition applied to claims in which judicial review was pending at its effective date.

At the second hearing, the evidence adduced at the initial hearing was considered, as well as new evidence. As to Dr. Shaughnessy's testimony that he treated plaintiff three times a week between September 11, 1958 and September 14, 1961 with diathermy, analgesics, and a surgical belt, the hearing examiner concluded that this treatment indicated "lack of severity of claimant's impairments" (175, 195). That treatment "was not continued from at least September 30, 1961. From then until his second accident in January 1963, claimant was not further seen by Dr. Shaughnessy or other physicians. This absence of treatment may fairly be taken into account upon the resolution of the issue of disability prior to October 1, 1961" (196).[1]

He found that Dr. Shaughnessy's declaration, that the date claimant could return to work was indefinite as of October 16, 1961, was "contrary to the preponderant weight of the substantial medical and other evidence hereinabove set forth" (196).

With respect to plaintiff's prior back condition, and the effect of the 1958 accident thereon, the hearing examiner characterized the September 12, 1958 X-ray at the Herkimer Memorial Hospital as negative for recent injury (175). He quoted from a January 14, 1963 report from Dr. Piekielniak, an "impartial medical consultant" who had examined an X-ray of that date:

"That this claimant has some cervical and lumbar symptoms is unquestioned. However, x-rays of the cervical spaces shows (sic) no significant abnormal process except slight hypertrophic changes. These, in my opinion, are not sufficiently marked to give

rise to the claimant's symptoms, to the degree expressed" (179).

In addition, the hearing examiner considered the examinations, conducted between 1959 and 1963, of Drs. Dixon (orthopedic), Lowenstein (psychiatric and neurological), Hatfield, Peacher (neurological), Bersani (orthopedic), Perl (radiographic) and Segal (radiographic). Summary testimony was also taken from Drs. Austin and Morgenstern, who had never examined plaintiff but who had examined the medical records and who were present at the hearing. Dr. Austin testified that he found no orthopedic impairment and that plaintiff's inability to engage in normal physical activity did not exceed the three month period after the accident (186–189). Dr. Morgenstern testified to the absence of psychiatric impairment (189), and concluded that the symptoms found in February, 1961 by Dr. Perl would not have disabled claimant from light to moderate activity.

In compliance with Judge Brennan's directive, the hearing examiner specifically found, upon the testimony of Mr. Anthony Salerno, an impartial vocational expert, that there was work available to claimant which he was capable of performing. Likewise, the explicit characterization of certain doctors as impartial suggests that the hearing examiner gave due weight to the fact that some of the medical reports were submitted in opposition to plaintiff's claim.

As in the first hearing, the conclusion reached rejected plaintiff's claim:

"The impression reached from a careful analysis of the * * * medical data is an absence of convincing medical proof in support of claimant's contention that because of the sufficient severity of his impairments, singly or together, he is under a disability within the meaning of the Social Security Act. When this proof is augmented by the additional evidence furnished by the testimony of the medical advisors and vocational expert

---

1. See Carnevale v. Gardner, 393 F.2d 889 (2 Cir. 1968).

who testified at the current hearing, such conclusion becomes compelling. * * * The medical evidence, though somewhat contradictory in its essential and significant facets, strongly discounts claimant's contention as expressed in argument and subjective symptoms that the injuries received by him in the September 1958 accident, or the sequilae thereof, were disabling for more than a temporary period of three or four months" (184–85).

In reaching the conclusion that plaintiff was not entitled to Social Security disability or period of disability benefits, the hearing examiner made the following findings:

"1. The special earnings requirements of the Social Security Act, as amended, for disability purposes were met on September 8, 1958 (alleged onset date of disability) and was last met on September 30, 1961.

2. Except for a temporary period of not more than four months following the onset of his alleged disability on September 8, 1958, claimant's impairments have been mild to moderate, and he has been capable of engaging in substantial gainful work in competitive, regular employment requiring light to moderate physical activity.

3. Claimant in the light of his impairment, and commensurate with his age, education, work experience and vocational background, except for the aforesaid temporary period of four months has been continuously able through September 30, 1961, to perform many kinds or types of substantial gainful activity, requiring light to moderate physical activity. * * *

4. Reasonable employment opportunities are available to the claimant in the local economy of Frankfort and Utica, New York, where claimant resides, to do the aforesaid types of work.

5. The evidence does not establish that the claimant was under a disability as defined in the Social Security Act, as amended, from September 8, 1958 to September 30, 1961, when he last met the earnings requirements for disability purposes, either under the provisions of the Act in effect prior to the 1965 Social Security Amendments or subsequent thereto."

On review, by decision dated August 31, 1967, the Appeals Council adopted the hearing examiner's recommended decision.

OPINION

█ If the findings upon which the administrative conclusion is based are supported by substantial evidence, the determination of the Secretary must stand, since 42 U.S.C. § 405(g) accords conclusive finality to "the findings of the Secretary as to any fact, if supported by substantial evidence * * *." And this is so even though a contrary conclusion might be reached by the Court on the same facts. "The Secretary, and not the courts, is charged with resolving conflicts in the evidence, and it is immaterial that the evidence before him will permit a conclusion inconsistent with his." Thomas v. Celebrezze, 331 F.2d 541, 543 (4 Cir. 1964).

█ The burden is on plaintiff to establish his entitlement to disability benefits. May v. Gardner, 362 F.2d 616 (6 Cir. 1966); Carqueville v. Flemming, 263 F.2d 875 (7 Cir. 1959). Although there is no evidence to indicate that plaintiff performed any work from the date upon which he claimed his disability arose to the present time, that period of unemployment, at least until his allegedly completely disabling accident in January 1963, could be found to be a matter of choice, rather than a result of physical or mental impairment.

No quarrel can be found with the Secretary's determination that plaintiff has failed to establish his entitlement to disability insurance payments or to the existence of a period of disability. Upon the record, plaintiff has failed to sustain his burden of proof. With respect to plaintiff's own statements regarding his disability, the hearing examiner had ample reason not to accept plaintiff's testimony. There is no support in the record for plaintiff's early statements that he broke his neck, shoulder, and back when struck by the cable. In addition, on the second hearing, claimant attempted to give the incorrect impression that he had been on crutches since 1958.

The preponderance of the medical testimony supports the hearing examiner's conclusion that plaintiff's pre-existing condition, in combination with the 1958 accident, would not have precluded him from performing light to moderate activity after a healing period of three or four months. He was not disabled for the necessary twelve-month period.

In view of the testimony that plaintiff, although mildly impaired, could still engage in light to moderate activity when four months had passed after his September 1958 accident, Dr. Shaughnessy's treatment of plaintiff over a three year period does not necessarily indicate a disability. Even if the treatment was essential to plaintiff, he would have been able to work an eight hour day and see Dr. Shaughnessy in the evening. Although plaintiff obviously could not work during his September-October 1959 hospitalization, that hospitalization may have been a matter of choice as a precautionary measure, and cannot be cited as refuting the hearing examiner's conclusion, based upon other medical testimony, that plaintiff could have worked in 1959. The hearing examiner was supported by substantial evidence in refusing to accept Dr. Shaughnessy's October 16, 1961 statement that plaintiff was under a disability of indeterminate length on that date.

The hearing examiner's findings as to employment opportunities open to plaintiff in view of his injury are amply supported by the testimony of Mr. Salerno. Although Mr. Salerno indicated that there was a problem in getting a client in plaintiff's physical condition passed by a medical examiner for employment, he did attest to the fact that plaintiff "could function in certain jobs which are considered substantial gainful employment" (379), and that those jobs are available in the economy (386). Plaintiff did not establish that the hiring practices of the individual industries would have precluded him from obtaining employment.

This is a case in which "a reviewing court ought not order the grant of a pension to an applicant who has not met * * * [his burden of persuasion]." Kerner v. Flemming, 283 F.2d 916, 922 (2 Cir. 1960). It is not one in which the denial of disability benefits should be overruled because "the applicant has raised a serious question and the evidence affords no sufficient basis for the Secretary's negative answer." Id.

### ORDER

Ordered that defendant's motion for summary judgment, dismissing the complaint and affirming the decision of the Secretary of Health, Education, and Welfare be, and the same hereby is, granted.