**Iris G. GOFORTH, Plaintiff,**

v.

**Wilbur J. COHEN, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 68–377.**

United States District Court
D. South Carolina,
Spartanburg Division.

Oct. 8, 1968.

James B. Stephen, Spartanburg, S. C., for plaintiff.

Klyde Robinson, U. S. Atty., for Dist. of South Carolina, and Thomas F. Batson, Asst. U. S. Atty., Greenville, S. C., for defendant.

### ORDER

HEMPHILL, District Judge.

Matter before the court is one for summary judgment sought by defendant Secretary's motion.

Claimant opposes the motion and seeks a determination that she is entitled to a period of disability pursuant to Section 216(i) of the Social Security Act and disability benefits under Section 223.

The claimant filed her application for benefits on February 3, 1967 alleging arthritis of the spine as her disabling condition. She was notified on April 3,

---

1967 of the denial of her claim. Reconsideration was sought but notice of denial was sent to claimant on December 6, 1967. A request for a hearing was made and subsequently held on February 1, 1968.

The hearing examiner, finding that claimant last met the special earnings requirements on June 30, 1964, found that the medical evidence did not support a finding of severe impairment as of the critical date. This was affirmed by the Appeals Council on March 28, 1968.

Without reviewing the medical evidence or subjective testimony of the claimant, the court's attention is turned to the fact that claimant was not represented at the hearing by counsel.

An attorney has since been retained and by way of brief seeks remand of this case for the purpose of introducing new and additional evidence relating to the critical period.

The following colloquy took place between claimant, who has less than a fourth grade education, and hearing examiner:

"Claimant: I'm so nervous, I don't know what we are doing.

Examiner: If you don't know what we're doing, don't you think you ought to get somebody who does to represent you? Mr. Goforth, Mrs. Goforth seems upset because she doesn't know what's going on. I don't believe she's qualified to undergo a hearing like this if she doesn't know what we're trying to do. If you feel that you're qualified to represent her, I'll be glad to have you try to do it. If you don't feel like it, then I suggest that if you want a hearing, that you all go out and get a lawyer.

Witness Goforth: I'll try * * *."

Retained attorney for claimant suggests in his brief that a recalcitrant doctor could be subpoenaed, claimant's supervisor at Butte Knit along with co-employees could be obtained and further development of psychiatric difficulties could be obtained.

As stated in Crowder v. Gardner, D.C., 249 F.Supp. 678:

It is axiomatic that judgments, judicial or administrative, should not rest on less than all the reasonably available evidence. It is no satisfactory argument to say that plaintiff did not produce all the possible evidence in his own behalf when it is clear he was without counsel and unlearned, particularly when it appears that the hearing examiner is aware that a bit more development will probably enable plaintiff to satisfactorily carry his burden of proof.

"Remand to the Secretary for the taking of additional evidence can only be had on a showing of good cause." Sage v. Celebrezze, 246 F.Supp. 285 (W.D.Va. 1965).

However, the following should be remembered in determining "good cause":

The Social Security Act is to be liberally construed as an aid to the achievement of its Congressional purposes and objectives. Narrow technicalities which proscribe or thwart its policies and purposes are not to be adopted.

In these circumstances, courts must not require such a technical and cogent showing of good cause as would justify the vacation of judgment or the granting of a new trial, where no party will be prejudiced by the acceptance of additional evidence offered, bears directly and substantially on the matter in dispute. Blanscet v. Ribicoff, 201 F.Supp. 257, 265 (W.D.Ark. 1962). The above is quoted from Sage, supra, at 288.

The lowest criminal is permitted to have counsel, given a full hearing, and permitted to introduce all available evidence. Surely a member of society's work force seeking to establish a physical disability should be given every opportunity to present medical evidence which would shed light on her physical condition during the critical period in which she met the earnings requirements.

Counsel is necessary to elicit this evidence and having retained counsel, remand is necessary in order to allow him to render his services.

This court is engaged in a search for truth and justice and such a search cannot prosper in darkness.

Therefore, this matter, for good cause shown, is remanded to hearing examiner for the taking of additional medical evidence or otherwise or for further hearing.

And it is so ordered.