**Regina COVO, Plaintiff,**

v.

**John W. GARDNER, Secretary, Dept. of Health, Education & Welfare, Defendant.**

**No. 67 Civ. 4832.**

United States District Court,
S. D. New York.

June 24, 1970.

Stanley Posess, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of N. Y., by Patricia M. Hynes, New York City, for defendant.

## OPINION

EDELSTEIN, District Judge.

■ This action against the Secretary of Health, Education and Welfare was brought under section 205(g) of the Social Security Act, 42 U.S.C. § 405 (g) (1964), to review the defendant's denial of plaintiff's application pursuant to section 202(a) of the Social Security Act, 42 U.S.C. § 402(a) (1964), for old-age insurance benefits. In compliance with the requirements of section 205 (g) [1] the defendant has filed with the court a certified copy of the entire administrative record of the proceedings concerning plaintiff's claim. A motion for summary judgment has been made by the defendant and that motion now is before the court.[2]

Section 202(a) of the Social Security Act, 42 U.S.C. § 402(a) (1964) provides that

Every individual who—

(1) is a fully insured individual * * *,

(2) has attained age 62, and

(3) has filed application for old-age insurance benefits * * *,

shall be entitled to an old-age insurance benefit for each month, beginning with the first month after August 1950 in which such individual becomes so entitled to such insurance benefits and ending with the month preceding the month in which he dies.

* * *

Alleging that she was born in Greece on July 31, 1899, plaintiff first applied for old-age insurance benefits on August 30, 1965. This application was denied by the Social Security Administration on October 13, 1965, on the basis of information contained in the Administration's records to the effect that plaintiff's birth date is July 31, 1912, and that therefore she was not sixty-two years old. Plaintiff took no further action on this application, but on April 25, 1966, she filed a second application in which again she alleged that she was born on July 31, 1899. This application similarly was denied by the Social Security Administration on the same ground that plaintiff was not sixty-two years old. Dissatisfied, plaintiff requested reconsideration of this determination. This request was granted but the Administration adhered to its initial determination. Plaintiff thereupon requested a hearing on her

---

1. Section 205(g) in part requires that "As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based."

2. Summary disposition is proper in this case since the court's sole function is to review the administrative decision. Sage v. Celebrezze, 246 F.Supp. 285 (W.D.Va.1965).

application before a hearing examiner of the Bureau of Hearings and Appeals. This request, too, was granted, and a hearing was held on December 15, 1966, at which time plaintiff, represented by counsel, appeared and testified.[3] Subsequently, on April 17, 1967, the hearing examiner, finding that the evidence established that plaintiff's birth date was July 31, 1912, also denied plaintiff's application. Pursuing her administrative remedy further, plaintiff next petitioned the Appeals Council of the Bureau of Hearings and Appeals for review of the hearing examiner's decision. After considering this request, the Appeals Council decided that the decision of the hearing examiner was correct and that no further action by the Council would benefit plaintiff. The decision of the hearing examiner thus was allowed to stand as the final decision of the defendant in regard to plaintiff's application. This action seeking review of that decision followed.

The official documents in the record before the hearing examiner are consistent with a finding that plaintiff's birth date is July 31, 1912. Plaintiff was born in Salonika, Greece, and emigrated to this country in 1933. Her Greek passport, issued in that year, lists her birth date as being July 31, 1912. On December 9, 1936, plaintiff applied for a Social Security account number and on her application stated that she was born on July 31, 1912. Likewise, plaintiff's marriage certificate, dated March 26, 1944, her request for a change in the records of the Social Security Administration to indicate her married name, dated October 12, 1944, and plaintiff's certificate of naturalization, dated January 29, 1945, all alleged July 31, 1912, as being

plaintiff's date of birth. Indeed, plaintiff admits that from her entry into this country until she first applied for old-age insurance benefits she consistently asserted on official documents that she was born on July 31, 1912.

Plaintiff maintains, nevertheless, that her date of birth is July 31, 1899. The date in 1912, she explains, merely was adopted by her to avoid difficulties in emigrating to this country and thereafter was retained for the sake of consistency and out of fear of deportation. To substantiate this claim that in fact she was born in 1899, plaintiff testified at her hearing about various historical events which occurred in the years between 1912 and 1917. She also testified about various events in her family life which occurred before and during this same period, including the death of her father and the departure of her brother for Israel. It is argued that if plaintiff were born in 1912, as the hearing examiner found, she would be unable to remember and testify about these events.

There was other testimony in the record before the hearing examiner. Three persons who knew plaintiff as a girl in Greece and who are older than she is together with plaintiff's older brother and sister submitted affidavits on plaintiff's behalf. All of these individuals, based on their personal recollections, attest to their beliefs that plaintiff was born at approximately the time claimed by her.

Plaintiff, in addition, offered one document in support of her application, namely a certification of birth. It appears that plaintiff's birth certificate was taken from her in 1933.[4] After applying for old-age insurance benefits she

---

3. Plaintiff's brother, Edward Ayash, and a friend, Leon Saady, also attending the hearing did not testify.

4. The testimony is unclear as to the precise circumstances under which plaintiff's birth certificate was taken from her.

Q. Do you know, Mrs. Covo, whether you had a Certificate of Birth, a Birth Certificate when you were born?

A. In Salonika, sure, it must have.

Q. Have you ever seen your Birth Certificate in your life?

A. When I make the passport, they took away, I don't know.

Q. This was in 1933 when you got this passport?

A. Yes.

attempted to obtain a record of her birth from Greece, but such a record was unavailable. Salonika, plaintiff's birthplace, was a part of the Turkish Empire until the second decade of this century. Since birth certificates were neither provided nor required by Turkish law, the only record of plaintiff's birth was maintained by the Jewish community in Salonika. That community, however, was destroyed by the Germans during the Second World War. Accordingly, to obtain some documentation in her favor, plaintiff, pursuant to Greek law, petitioned the First Instance Court of Thessaloniki (the present name for Salonika) for certification that she was born in that city in July of 1899. Her petition was supported by the testimony of a local resident who testified that he knew plaintiff and knew her to have been born in 1899 when he was fourteen years old. Plaintiff's petition was granted by the Court and its certification that plaintiff was born in Thessaloniki in July 1899, was made a part of the record before the hearing examiner in the instant proceeding.

The evidence before the hearing examiner, then, on the one hand, consisted of various governmental documents in which plaintiff averred that she was born in 1912, and, on the other hand, consisted of the testimony of plaintiff herself, and of affidavits of five others, as well as a certification of plaintiff's birth recently obtained by her from a court in Greece. The hearing examiner considered all of this evidence in his opinion.[5] While he did not doubt the "honesty" or "veracity" of plaintiff and her witnesses, he concluded that their testimony, due to the frailties of human recollection, was not persuasive in the face of the opposing documentary evidence in the record. The certification of plaintiff's birth was also found unpersuasive inasmuch as it was obtained in an *ex parte* proceeding recently under-

taken solely for the purpose of supporting plaintiff's application and inasmuch as the testimony presented to the Greek court was not a part of the record. Thus the hearing examiner found that plaintiff had not established that she was entitled to old-age insurance benefits.

Additional evidence was inserted into the record when plaintiff's application reached the Appeals Council. There, plaintiff endeavored to bolster her case by submitting three reports from doctors who had examined plaintiff at her request in an attempt to determine medically her age. Plaintiff underwent radiological and neurological examinations as well as a general examination. The findings of all three reports are consistent in their support of plaintiff's claim as to her age. One of the examining physicians, Dr. Klein, based upon his examination and the radiological and neurological reports, found that plaintiff demonstrated eleven signs of advanced age. Dr. Klein went on to observe that while some of these signs may occur in younger people

> * * * the combination of *all* eleven of the factors could not and would not be logically found except in a person of far advanced years. The signs constitute a syndrome of aging based upon which I estimate the age of Mrs. Covo to be 70, plus or minus two years.

The report of Dr. Klein and those of the other doctors were received by the Appeals Council and made a part of the record. The Council, though did not discuss this evidence, but merely found the decision of the hearing examiner to be correct. The latter, of course, did not have this medical evidence before him.

▆▆▆ In reviewing the denial of plaintiff's application this court must render an affirmance if the court concludes that the denial is based upon findings of fact which are supported by sub-

---

5. In addition to considering the evidence mentioned, the hearing examiner noted for the record that plaintiff appeared to be much older than one born in 1912. However, he rejected this observation as having any evidentiary value since he deemed the observation unreliable.

stantial evidence.[6] The court, though, also may remand the matter for consideration of additional evidence if there is shown good cause to do so.[7] In response to defendant's motion for summary judgment, plaintiff has asked that this case be remanded for the purpose of submitting the plaintiff to an examination by geriatric authorities. The court is of the opinion that remanding this case for the taking of additional evidence is warranted.

■ The court is aware that, as defendant argues, plaintiff had the burden of proving that she met all of the statutory conditions of eligibility for old-age insurance benefits. Rodgers v. Cohen, 304 F.Supp. 91, 92 (E.D.Va.1968). In attempting to carry this burden, though, plaintiff did not have available to her the kind of contemporaneous documentary evidence to which the defendant, by regulation,[8] has assigned the highest probative value. Plaintiff had to rely instead upon the certificate issued by the court in Greece and upon testimony. The type of medical evidence received by the Appeals Council thus may have some significant bearing on this case. Yet, the record is barren of any effort by the Appeals Council to evaluate this evidence and weigh it in light of the re-

mainder of the record. While the letter announcing the action of the Appeals Council on plaintiff's request for review notes that evidence in addition to that which was before the hearing examiner was received by the Council, the letter merely goes on to state that the Council had concluded that the hearing examiner's decision was correct and that no further action by the Council would be beneficial to plaintiff. Hence the Appeals Council adopted the hearing examiner's decision without, it would appear, expressly concerning itself with the weight to be accorded the additional evidence submitted by plaintiff.

■ In support of the motion at bar, defendant argues that the medical evidence is unpersuasive. Determinations of age based upon medical examination are, at best, highly speculative; the signs of aging discussed by Dr. Klein do not necessarily bear a direct correlation with chronological age. Other factors such as environment and heredity may induce such signs. Indeed, the argument continues, even if these signs are valid indicators of age, no proof was submitted that they are reliable statistically. All this may be, but the issues raised on this point are factual ones which should have been determined by the defendant. These issues cannot be resolved here

6. "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *." Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (1964).

7. "The court * * * may, at any time, on good cause shown, order additional evidence to be taken before the Secretary, and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or its decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based." Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (1964).

8. Section 404.703 of Regulations No. 4 of the Social Security Administration 20 CFR 404.703, requires applicants for Social Security benefits, when age is relevant, to submit a public record of birth or a church record of birth or baptism established or recorded before the applicant's fifth birthday. The highest probative value is accorded to such a document. Where this kind of record is unavailable, the regulation requires that other documents be submitted, and " * * * in determining their probative value, consideration will be given to when such other documents were established or recorded, and the circumstances attending their establishment or recordation."

since this court only has the power to review the administrative record; it cannot proceed *de novo*. Sage v. Celebrezze, 246 F.Supp. 285, 287 (W.D.Va.1965); Fels v. Ribicoff, 30 F.R.D. 141 (S.D.N.Y. 1961).

■ Defendant's motion for summary judgment asks that this court determine that the finding made by the defendant that plaintiff was born in 1912 is supported by substantial evidence. In making such a determination the court cannot limit its review only to that part of the record upon which the administrative finding is predicated. Rather, the court must examine the entire record and consider the evidence which fairly detracts from the administrative finding as well as that which supports it. See, e. g., Julian v. Folsom, 160 F.Supp. 747 (S.D.N.Y.1958). A review of the entire administrative record of this matter reveals that the Appeals Council left wholly unexplored factual issues which may bear significantly on the weight of the case made out by plaintiff. With the record in this posture, the court is not in a position to determine whether, in the face of all of the evidence in plaintiff's favor, the denial of her application is supported by substantial evidence. It is for this reason that the court is persuaded that there is good cause to remand this case. Until a complete record is made this matter cannot be accorded proper review. Mann v. Gardner, 380 F.2d 182 (5th Cir. 1967).

Therefore, defendant's motion for summary judgment is denied. The case is remanded to the defendant for the consideration of whatever additional medical evidence may be submitted, together with any other evidence the defendant may wish to receive. On remand the defendant must render a new decision based on the entire record and must evaluate the weight which the medical evidence regarding plaintiff's age warrants.

So ordered.