Nachman & Feldstein, San Juan, P. R., for plaintiff.

U. S. Attys., San Juan, P. R., for defendant.

**Octavio RAMOS, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**Civ. No. 337–71.**

United States District Court, D. Puerto Rico.

Dec. 17, 1971.

## ORDER

TOLEDO, District Judge.

This case is before the Court on the defendant's motion for summary judgment and plaintiff's cross-motion for remand to the Secretary of Health, Education and Welfare.

On June 11, 1971 the Court denied a prior motion to remand filed by the plaintiff without prejudice to decide the merits of the motion when the entire administrative record was received by the Court. When the record was received, the plaintiff renewed his motion and the defendant filed his motion for summary judgment.

The Secretary contends that the record clearly establishes that the plaintiff is not suffering from a medically determinable disability as such words are defined in the statute. The plaintiff has symptoms that are indicative of chronic lung disease and emphysema. However, the pulmonary studies indicate no functional disorder of the respiratory system. The alternative diagnosis was that the plaintiff was suffering from chronic depressive reaction. The Court is aware that a chronic depressive reaction may be of such severity as to render a person unable to perform any gainful occupation.

**54**

The experts retained by the Social Security Administration both to make a general evaluation of all of the medical data and the psychiatrist, concluded that a complete psychiatric evaluation of the plaintiff was imperative. The psychiatrist who was unable to make a definitive diagnosis on the basis of her single examination, requested that the plaintiff be hospitalized for a period of time so that he might be observed in order to determine a specific psychiatric diagnosis. The Government's position is that it need not carry out the recommendations of its own experts.

■ The usual test in determining whether an administrative award should be affirmed, is whether there is substantial evidence taking the record as a whole to support the decision of the administrative body. There is evidence but it is not substantial because it is incomplete.

Section 405(g) of Title 42 provides:

"The court shall, on motion of the Secretary made before he files his answer, remand the case to the Secretary for further action by the Secretary, and may, at any time, on good cause shown, order additional evidence to be taken before the Secretary. . . ."

■ The Court is of the opinion that the failure of the Hearing Examiner to perform the tests required by his own expert physicians constitutes good cause to remand the action to the Secretary so that he may perform all the tests and examinations requested in the record and so that further evidence may be elicited. Goforth v. Cohen, 290 F.Supp. 590 (D.C.1968); Hupp v. Celebrezze, 220 F.Supp. 463 (D.C.1962).

For the foregoing reasons, it is ordered, that the defendant's motion for summary judgment be and hereby is denied, and it is further

Ordered, that this action be and hereby is remanded to the Secretary of Health, Education and Welfare so that the necessary examinations and tests be performed, and further testimony be elicited at a second hearing, and it is further

Ordered, that this Court shall retain jurisdiction over this matter and upon completion of the medical and oral examinations and upon a final decision having been entered after said proceedings, the matter be once again placed on the Court's docket for judicial review.