Margie McDANIEL, Plaintiff-Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 77-2629

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 3, 1978.

Rehearing Denied April 13, 1978.

Patrick J. Araguel, Charles C. Carter, Jr., Columbus, Ga., for plaintiff-appellant.

D. L. Rampey, Jr., U. S. Atty., Gregory J. Leonard, Asst. U. S. Atty., Macon, Ga., for defendant-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

The appellant, Mrs. McDaniel, has worked most of her adult life as a registered nurse. The appellant suffered a considerable degree of hearing loss in both ears, thereby rendering her unable to continue her work as a registered nurse. She filed an application for disability insurance benefits, claiming that her deafness constituted a disability as defined in the Social Security Act.[1] The Secretary of Health,

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

1. The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Section

423(d)(2)(A) of the Act further provides in pertinent part:

[A]n individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a

Education and Welfare denied the appellant disability benefits on the ground that she was not disabled within the meaning of the Social Security Act. The district court upheld the Secretary's decision, finding that the decision was supported by substantial evidence on the record as a whole. We affirm.

The appellant was examined by several experts in the field of hearing and hearing disability. Dr. Joel P. Smith, an otorhinolaryngologist, examined the appellant on two occasions. He testified that the appellant could function moderately well in most average situations when the proper environment was maintained. He further testified that the appellant should be able to perform quite well in occupations for which "social hearing" is not as necessary as for a registered nurse. Dr. Stewart, a vocational expert, testified that the appellant is capable of performing industrial and non-industrial jobs, and he described many such jobs.

The appellant contends, however, that she is unable to engage in any "substantial gainful work" pursuant to § 423(d)(2)(A). The appellant alleges that she must work in a "controlled environment" and that the evidence shows that the types of jobs she can perform are not available in a "controlled environment." As Dr. Smith testified, the "controlled environment" necessary for productive work by the appellant is an environment in which "social hearing is not so necessary." There is substantial evidence in the record to support the Secretary's finding that the working environment of several jobs, such as file clerk, desk clerk, marker, industrial inspector, tester, and quality control checker, constitute the "controlled environment" referred to by the Administrative Law Judge and the witnesses.

In reviewing the Secretary's findings, this court performs a strictly limited function. The court may only determine whether there is substantial evidence in the record to support the Secretary's decision. *Williams v. Finch,* 440 F.2d 613, 615 (5th Cir. 1971); *Staples v. Gardner,* 357 F.2d 922, 923 (5th Cir. 1966). In the case on appeal, the appellant did not carry her burden of proving that she was disabled within the meaning of the Social Security Act. The decision of the Secretary and the judgment of the district court were amply supported by competent evidence in the record. The judgment from which this appeal is taken is AFFIRMED.

---

specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to an individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.