**Phillip SCOTT, Plaintiff,**

*v.*

**Joseph CALIFANO, as Secretary of Health, Education and Welfare, Defendant.**

**No. 78 C 961.**

United States District Court, N. D. Illinois, E. D.

Dec. 6, 1978.

Daniel Galatzer, Chicago, Ill., for plaintiff.

William Barnett, Jr., Asst. U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

WILL, District Judge.

This is an action for review of a final decision of the Secretary of Health, Education and Welfare which denied plaintiff's applications for disability insurance benefits pursuant to Title II, Sections 216(i) and 223 of the Social Security Act, 42 U.S.C. § 416(i), 42 U.S.C. § 423, and for Supplemental Security Income pursuant to Title XVI of the Act, 42 U.S.C. § 1381 *et seq.*

Defendant Califano has moved for summary judgment arguing that the decision of the Administrative Law Judge (ALJ) was rendered after a fair hearing and is based on substantial evidence. Plaintiff has moved to remand the case back to the Secretary arguing that the ALJ failed to fulfill his duty to develop fully plaintiff's *pro se* case when he declined to investigate plaintiff's mental condition, questions about which were raised throughout the record. *Wolf v. Mathews,* Unemployment Insurance Reporter 1976, Transfer Binder ¶ 14,894 (E.D.Pa.1975). For the reasons stated herein, we deny defendant's motion for summary judgment and grant plaintiff's motion to remand.

The disability provisions of the Act allow for the payment of disability insurance benefits to those claimants who establish their

inability to engage in any substantial gainful activity. Section 205(g) of the Act, as amended, permits a claimant to obtain judicial review of a final decision of the Secretary denying his claim for disability insurance benefits. Thereupon, the Court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the case for a rehearing."

Plaintiff's March 29, 1976 applications for disability and income benefits allege disability as of June 15, 1969. Both applications were administratively denied initially and upon reconsideration. The ALJ, before whom plaintiff appeared, considered the case *de novo,* and, on August 8, 1977, affirmed the prior decisions. On February 1, 1978, the Appeals Council approved the ALJ's decision.

■ In his report, the ALJ found that medical evidence of plaintiff's physical ailments (back, post-alcoholic, kidney, heart) were not singly or cumulatively so severe as to preclude plaintiff from engaging in substantial gainful activity. Although the record contains numerous medical observations of plaintiff's nervous condition, the ALJ apparently considered this condition only in relation to plaintiff's physical ability to perform basic functions but not in relation to its effect on possible employment. The ALJ recommended that plaintiff find sedentary work, such as his previous work as a parking lot attendant, or as an inspector of auto parts. Accordingly, plaintiff's petition for disability benefits was denied.

Subsequently, plaintiff was examined by Dr. Richard Telingator, one of the Administration's consulting psychiatrists, who diagnosed plaintiff as follows:

"Mr. Scott is suffering from a chronic anxiety neurosis with some depression. When he is under pressure, his symptoms increase and prevent him from functioning in a normal work situation. His condition has been present for at least 10 years. . . ."

(Letter from Dr. Telingator to plaintiff's attorney, July 1, 1978).

Telingator's finding that plaintiff has suffered from his present nervous condition since 1968 places this ailment well within the 12 month period of prior disability required by 42 U.S.C. § 423(d)(1)(A). Since our review of the record indicates that this anxiety condition, which may be an important element in the determination of Scott's disability, was not adequately documented, and was, therefore, not thoroughly considered by the ALJ, we conclude that the administrative finding of no disability was not based on substantial evidence.

42 U.S.C. § 405 provides

"[The court] may, at any time, on good cause shown, order additional evidence to be taken before the Secretary, and the Secretary shall, after the case is remanded, and after such additional evidence if so ordered, modify or affirm his findings of fact, or its decision, or both . . ."

■ Accordingly, it is appropriate for a district court, which technically must refuse to consider on review any information which was not made a part of the administrative record, *Carnevale v. Gardner,* 393 F.2d 889 (2d Cir. 1968), to remand a case with instructions that additional evidence be received and the claim reconsidered in light of the new evidence. Remands based on after-acquired evidence may be ordered where the district court finds that additional evidence is necessary to fully develop the facts of the case, *Forbes v. Finch,* 307 F.Supp. 1000 (E.D.Tenn.1969), and determines that the evidence is not cumulative, *Taylor v. Secretary of HEW,* 362 F.Supp. 952 (D.Kan.1973), and that its consideration is necessary to afford the claimant a fair hearing, *Hupp v. Celebrezze,* 220 F.Supp. 463 (N.D.Iowa 1962). As the record contains no evidence of any prior psychiatric examinations, Dr. Telingator's diagnosis is not cumulative. However, as numerous medical reports in the record referred to plaintiff's nervous and mental conditions, further investigation of such problems is warranted and relevant to a definitive determination of plaintiff's mental and/or physical disability.

Remands have also been ordered in cases where, as here, the newly acquired information was secured by counsel for the claimant who was not represented by counsel at the time of the hearing. *Goforth v. Cohen,* 290 F.Supp. 590 (D.S.C.1968). In this case, the administrative record was compiled while plaintiff was appearing *pro se* and the newly acquired evidence was obtained subsequent to the hearing through the efforts of plaintiff's present attorney.

Accordingly, we find that the additional evidence of plaintiff's disability, acquired after the administrative rejection of his disability claim but related to matters in the administrative record, warrants the remand of this case to the Secretary with instructions to reconsider plaintiff's claim of disability, particularly with respect to his mental condition.

An appropriate order will enter.