Flagier MICHEL

v.

Joseph A. CALIFANO, Jr., Secretary of
Health, Education, and Welfare.

Civ. A. No. 79–262–B.

United States District Court,
M. D. Louisiana.

Nov. 16, 1979.

R. C. Edwins, Baton Rouge, La., for plaintiff.

C. Michael Hill, Asst. U. S. Atty., Baton Rouge, La., for United States.

## DECISION AND ORDER

JOHN V. PARKER, District Judge.

This matter is before the Court on cross motions for summary judgment filed on behalf of plaintiff and defendant. The Court finds that no oral argument is necessary.

Plaintiff claims to be disabled and therefore entitled to supplemental security income benefits under Section 1614(a) of Title XVI of the Social Security Act (42 U.S.C. § 1382c[a][3][A]). The Secretary has denied benefits and plaintiff has filed this suit under the authority of 42 U.S.C. § 405(g) for judicial review of that determination. This Court has jurisdiction under the cited statute.

The function of a court reviewing administrative findings of fact is limited to determining whether the Secretary's findings are supported by substantial evidence in the record as a whole. (Section 405[g] provides, in pertinent part, that ". . . [t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive.") The Supreme Court has stated that substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rich-*

*ardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

"Disability" under the Social Security Act means, "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant can be considered disabled only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."

The claimant has the burden of proving the existence of the disability. *McDaniel v. Califano,* 568 F.2d 1172 (5th Cir. 1978); *Demandre v. Califano,* 591 F.2d 1088 (5th Cir. 1979). Significantly, the inability to engage in gainful activity must be caused by physical or mental impairment; however, the statute does enjoin us to consider the claimant's age, education and work experience. Here, we have a claimant who is a fifty-seven year old female, a widow with no work experience and only a sixth grade education. Her application for benefits claims disability because of hypertension, headaches and back pain. She waived her right to be present at the hearing before the administrative law judge and she was not represented by counsel at that hearing.

The evidence presented to the administrative law judge, in addition to the declarations in plaintiff's application, consisted of:

(1) Hospital records from the Baton Rouge General Hospital covering the claimant's admission there, from July 1–6, 1976, where she had been admitted with her chief complaint of headache, nervousness and chest pain.

The discharge summary dated July 6, 1976, reads:

"This 54 year old female, who was admitted on 7–1–76 with chest pain, is discharged this date. During hospitalization she had normal electrocardiogram and her cardiac enzymes did not substantiate the impression of myocardial infarction.

"She is discharged this date.

"*FINAL DIAGNOSIS*

"(1) Hypertensive vascular disease.

"(2) Arteriosclerotic heart disease with angina pectoris; cardiac status slightly compromised.

"*PROGNOSIS*

"Fair, with therapy.

(2) A medical report dated November, 1977, by Dr. Hulon Lott, her attending physician, where he diagnosed claimant as having hypertensive vascular disease, noting that there was no evidence of congestive heart failure.

(3) 1978 medical reports by Dr. Carl Steffek, who conducted clinical examinations, finding that the heart had a regular rhythm with no murmurs, and his examination of the back revealed no significant abnormality or spasm. His clinical impression was essential hypertension and chronic anxiety. Dr. Steffek noted that claimant "would probably be able to do some amount of work that did not amount involve [sic] any extensive physical activity."

On June 20, 1978, the administrative law judge ruled that plaintiff had not established any medically demonstrable physical or mental impairment of sufficient severity to prevent normal activity or work and consequently held that she was not eligible for benefits, noting:

"The claimant does indeed have hypertension but same appears to be controlled by medication and no end organ damage has resulted.

"Repeat EKGs have been normal as well as chest x-rays.

"Although claimant complains of back problem x-rays are normal and no arthritic changes are found.

"Mild respiratory infection and bronchitis are found."

Based on the evidence summarized above, the findings of the Secretary, at that point,

are supported by substantial evidence and plaintiff had not established her disability.

That, however, is not the end of the matter. Subsequent to the decision of the administrative law judge, claimant obtained the assistance of a senior law student and entered a request for review of that decision by the Appeals Council. Plaintiff also obtained and submitted to the Appeals Council a medical report, dated August 8, 1978, signed by Dr. Lott, the physician who had been treating her since November 14, 1975, and who admitted her to the hospital in 1976. Dr. Lott repeated the diagnosis of the 1976 hospitalization ("hypertensive vascular disease; arteriosclerotic heart disease with angina pectoris; cardiac status slightly compromised. *PROGNOSIS* Fair, with therapy.") and further gave his medical opinion that plaintiff "is totally disabled from any substantial gainful employment." The Appeals Council accepted Dr. Lott's report as part of the record but rejected the appeal, holding that plaintiff voluntarily and knowingly waived her right to counsel at the hearing and that Dr. Lott's opinion was "not determinative of the issue of disability" because it was not supported by specific and complete clinical findings.

Here, the Appeals Council was in error, for it is obvious that Dr. Lott's opinion was predicated upon the clinical findings of the 1976 hospitalization which are a part of this record. The record before the Appeals Council established, upon clinical and objective examination, that plaintiff was suffering from hypertension (blood pressure controlled by medication, however), headache and back pain, as well as arteriosclerotic heart disease with angina pectoris and chronic anxiety. The plaintiff claims subjective symptoms of back pain, headache and asthma. The medical conclusion of her attending physician was that she was totally disabled, and the conclusion of Dr. Steffek was that "she would probably be able to do some amount of work that did not not involve any extensive physical activity."

Thus, the record establishes some disability; the question is to what degree. The action of the Appeals Council, dated October 13, 1978, indicates that the only issues considered by it were plaintiff's lack of counsel at the administrative hearing and Dr. Lott's August 8, 1978, report. In isolation, these two matters would not warrant modification of the Secretary's findings. *Chaney v. Califano,* 588 F.2d 958 (5th Cir. 1979). The cumulative effect, however, of the hospital findings, Dr. Steffek's clinical findings and expert opinion, and the expert opinion of Dr. Lott, require further examination and inquiry and the record does not indicate that the Appeals Council fully considered claimant as a whole person upon the entire record. The jurisprudence is clear that in evaluating whether a claimant is capable of engaging in gainful activity it is essential that the Secretary view the individual as a whole. The administrative authorities may not view several disabilities as isolated one from another even though each illness, standing alone and measured in the abstract, may not be disabling. As the Court noted in *Landess v. Weinberger,* 490 F.2d 1187 (8th Cir. 1974):

". . . But disability claimants are not to be evaluated as having several hypothetical and isolated illnesses. These claimants are real people and entitled to have their disabilities measured in terms of their total physiological well-being." (490 F.2d at 1190)

Again, in *Prestigiacomo v. Celebrezze,* 234 F.Supp. 999 (E.D.La.1964):

"[I]t is not enough to say that any one of her various ailments was not sufficient to prevent her from working. She is a human being, who must be regarded as such, and in evaluating her ability to work, her overall condition, including all of her disabilities, must be considered together." (234 F.Supp. at 1003)

To the same effect, see *Dressel v. Califano,* 558 F.2d 504 (8th Cir. 1977); *Little v. Califano,* 462 F.Supp. 575 (W.D.N.C.1978); *Spicer v. Califano,* 461 F.Supp. 40 (N.D.N.Y. 1978).

Subsequent to the action of the Appeals Council, plaintiff was again hospitalized for diagnostic studies, from March 12 through 17, 1979. Her complaints were epigastic

pain, pain in both arms, backache and head-ache. The final diagnoses were: (1) hiatus hernia ("very minimal sliding esophageal hiatal hernia") and (2) cholelithiasis (gall-stones). In addition, chest x-rays revealed "old scarring with pulmonary emphysema," and sigmoidoscope revealed anal stenosis. These records were presented to the Appeals Council which made them a part of the record but did not consider that they were a sufficient basis for reopening the previous determinations. The Council declined to reopen the matter, holding that plaintiff has "a minimal hernia and gall-stones," and the previously mentioned hypertension, but noted that "these impairments, singly or in combination, are not of sufficient severity to be considered disabling."

Plaintiff then filed this suit. Attached to plaintiff's memorandum of authorities in support of the motion for summary judgment is yet another medical report, this one from Dr. Douglas W. Davidson, dated September 13, 1979, who declares that he is treating the plaintiff "for hypertension, chronic cholecystitis and involutional depression." The doctor also states that plaintiff requires surgery for the cholecystitis and that her blood pressure is controlled by medication. In his medical opinion, "she is presently disabled and most likely was for several months prior to my seeing her" (in May 1979).

Dr. Davidson's report is not a part of the record since it was not presented to the Court in accordance with the Federal Rules of Civil Procedure, nor is it supported by any clinical diagnostic data. The Court should, therefore, ignore that report. *Laffoon v. Califano,* 558 F.2d 253 (5th Cir. 1977); *Scott v. Califano,* 462 F.Supp. 240 (N.D.Ill.1978).

The record in this Court discloses that plaintiff is, indeed, suffering from a variety of ailments, most of them confirmed by diagnostic testing. Every physician who has examined or treated her has expressed the medical opinion that some or all of these impairments render her disabled from engaging in gainful activities to a greater or lesser extent. The medical evidence regarding her condition has never been presented and considered as a whole, but, on the contrary, has come out in bits and pieces throughout the administrative procedures. Under *Landess v. Weinberger, Prestigiacomo v. Celebrezze,* and the other authorities cited above, remand to the Secretary for the purpose of consideration of the evidence as a whole is warranted.

Moreover, 42 U.S.C. § 405(g) provides that the Court:

"  .  .  .  may, at any time, on good cause shown, order additional evidence to be taken before the Secretary, and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or its decision, or both  .  .  .  ."

This claimant was not represented by counsel at the hearing where the initial determination was made. That fact, standing alone, does not merit remand; but the cumulative total of her lack of educational attainment and the piecemeal presentation of the medical evidence, plus the lack of counsel at the most important stage of the administrative proceedings, lead this Court to the conclusion that claimant has not had the full and fair opportunity to present all evidence relevant to her claim of disability to which she is entitled.

For the above-stated reasons, IT IS ORDERED that defendant's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is GRANTED to the extent that this action is hereby remanded to the defendant, Secretary of the Department of Health, Education and Welfare, for taking of additional evidence and further proceedings consistent with this decision.